Missouri, Kansas & Texas Railway Company of Texas v. W. O. Dunbar.

Decided November 6, 1909.

**1.—Carrier of Passengers—Defective Platform and Stepping Stool—Charge.**

In a suit for damages for personal injuries received by a passenger while alighting from a railroad train, said injuries being caused by an uneven brick pavement and a defective stepping stool, charges considered and held not subject to the objection that they imposed upon defendant a higher degree of care and foresight than is required by law.

**2.—Same—Degree of Care.**

A public carrier is not only required to provide reasonably safe means whereby its passengers may alight from its cars, but the safest which are known and have been tested.

**3.—Trial—Refusal of Charges.**

The refusal of requested charges is not error when the law embraced in such charges has already been given to the jury in other charges. Charges considered and held properly refused for this reason.

**4.—Carrier of Passengers—Defective Stepping Stool—Evidence.**

The issue being whether or not certain stepping stools furnished by a railroad company as a means for passengers to alight from its trains, were defective, the testimony of witnesses that they had on different occasions seen said stools turn over or slip about when passengers stepped on them in alighting from the trains, was admissible.

Appealed from the District Court of Hunt County. Tried below before Hon. R. L. Porter.

*Templeton, Craddock, Crosby & Dinsmore* (*Coke, Miller & Coke*, of counsel), for appellant.—The court erred in the first paragraph of its charge. Conroy v. Chicago, St. P., M. & O. Ry. Co. (Wis.), 70 N. W., 486; s. c., 38 L. R. A., 419; Taylor v. Pennsylvania Co., 50 Fed. Rep., 755; Kelly v. Manhattan Ry. Co., 112 N. Y., 443, 3 L. R. A., 76; Palmer v. Pennsylvania Co., 2 L. R. A., 252; Fearn v. West Jersey Ferry Co., 13 L. R. A., 366; Falls v. San Francisco & N. P. Ry. Co., 97 Cal., 114, 31 Pac., 901; Illinois Central R. R. Co. v. Hobbs, 58 Ill. App., 130; Hiatt v. Des Moines R. R. Co. (Ia.), 64 N. W., 766; Wabash, St. L. & P. Ry. Co. v. Wolff, 13 Ill. App., 437; Gunderman v. Missouri, K. & T. Ry. Co., 58 Mo. App., 370; Skottowe v. Oregon S. L. R. R. Co., 22 Ore., 430, 30 Pac., 222; Central R. & B. Co. v. Perry, 58 Ga., 461; Lafflin v. Buffalo & S. W. Ry. Co., 106 N. Y., 136, 112 N. E., 599; Libby v. Maine Cent. R. Co., 20 L. R. A., 812; 4 Elliott, Railroads, 2d ed., secs. 1590, 1585, 1641, 1830, 1831, and authorities there cited; 1 Fetter on Passenger Carriers, sec. 47; Ray on Passenger Carriers, sec. 33, and authorities there cited; 5 Am. & Eng. Law (2d ed.), p. 532; 26 Am. & Eng. Law (2d ed.), p. 508.

The charge is erroneous in that it submits to the jury the question whether or not the step-box or stool in use at the time of the accident had been tested and was the safest appliance used for discharging passengers, because there was no evidence showing or tending to show that any other appliance or appliances were or had been used or tested which were known to be safer than a foot-stool or box and a pavement, and the charge left it to the jury to determine this issue wholly upon conjecture and speculation and upon their own idea of the suitableness and safety of the step-box and pavement, and to determine from their own ideas, without evidence, whether these were the safest appliances for the use of passengers, which were known and had been tested. Texas Midland R. R. v. Taylor, 44 S. W., 892; Fort Worth & N. O. R. R. Co. v. Enos, 50 S. W., 595.

The court erred in the third paragraph of its charge. Gulf, C. & S. F. Ry. Co. v. Scott, 27 S. W., 828; Gipson v. Williams, 27 S. W., 824; Murchison v. Mansur-Tibbetts Co., 37 S. W., 605; Faubion v. Western U. Tel. Co., 81 S. W., 56; Gulf, C. & S. F. Ry. Co. v. Anson, 82 S. W., 785; Texas & P. Ry. Co. v. Ray Brothers, 84 S. W., 691; Norton v. Galveston, H. & S. A. Ry. Co., 108 S. W., 1044; Gulf, C. & S. F. Ry. Co. v. Garner, 115 S. W., 273.

The court erred in refusing special charge No. 5. Klatt v. Houston Elec. St. Ry. Co., 57 S. W., 1112; G., W. T. & P. Ry. Co. v. Staton, 49 S. W., 277; Missouri, K. & T. Ry. Co. v. Crowder, 55 S. W., 380.

The evidence of said witnesses Hall and Melton was inadmissible and in-

competent, because: (1) The evidence was too remote and involved a collateral issue; (2) the questions eliciting the evidence do not state the circumstances, surroundings and conditions at any time either of the witnesses may have observed anything with reference to passengers getting off, and do not state the action of the trainmen, nor the position of the step-box, nor the movement or not of the step-box; (3) the questions eliciting said testimony and the answers thereto necessarily took into consideration all the situation and surroundings at the time and place with reference to the manner in which the box was placed, the action of the passengers in getting off and everything connected with the same, involved in the question and answer being any question that might arise as to the negligence of the carrier and any contributory negligence of the passengers and of his conduct; and it necessarily called for the opinion and conclusion of the witnesses and each of them with respect to particular transactions that they may have seen or noticed, involving in such transactions all the issues of negligence and contributory negligence; (4) the question was one for the jury to determine from all the facts as presented to them in the particular case on trial, there being no two cases alike. 1 Elliott on Evid., sec. 185, note.

The evidence of the witnesses Hardin, McKain, Gotcher and King, as offered by the defendant, was admissible and competent, because it was material and relevant to the issues made by pleadings and the evidence, especially upon the issue of defendant's negligence or not with respect to the construction and condition of the pavement or platform, and with respect to the size and construction of the step-box or stool and as to its condition, and as to whether or not the step-box or stool set level, smoothly, evenly and safely, upon the pavement. Clark v. State, 40 S. W., 992; Brooke v. Chicago, R. I. & P. R. R. Co., 81 Ia., 504; Tackman v. Brotherhood of American Yeomen, 106 N. W., 350; 2 Elliott on Evidence, secs. 1249-1252, and authorities there cited.

*Pierson & Starnes* and *S. W. Tenley,* for appellee.—Railway companies are not insurers of the safety of their passengers, but they are required to exercise that high degree of foresight as to possible dangers, and such a high degree of prudence in guarding against them as would be used by every cautious, prudent and competent person under the same or similar circumstances in providing the safest appliances that had been known and tested to enable their passengers to alight, and a failure to exercise such care is negligence. Missouri, K. & T. Ry. Co. v. Dunbar, 108 S. W., 500; Missouri Pacific Ry. Co. v. Wortham, 73 Texas, 25; International & G. N. Ry. Co. v. Halloren, 53 Texas, 53; International & G. N. Ry. Co. v. Welch, 86 Texas, 204; Texas & P. Ry. Co. v. Miller, 79 Texas, 81.

When plaintiff has shown in passenger cases that the appliances used are defective, either in construction or on account of its worn condition, and is unfit for the purposes for which it is used, and an injury has occurred, he has made out his case of negligence. The burden of proof is then upon defendant to show that it was using the safest appliances that had been known and tested. McCray v. Galveston, H. & S. A. Ry. Co., 89 Texas, 169; Texas & N. O. Ry. Co. v. Crowder, 63

Texas, 504; Gleeson v. Virginia Midland Ry. Co., 140 U. S., 435-445, 463.

The fact that other persons have stumbled, fallen or been injured by the same defect as produced the injury in this suit, may be shown, and such evidence is admissible for the purpose of showing that defendant had notice of the defective and dangerous character of the appliances being used by defendant for its passengers to alight from its trains. Missouri, K. & T. Ry. Co. v. Dunbar, 108 S. W., 500; Texas T. Ry. Co. v. Johnson, 86 Texas, 423; Texas & P. Ry. Co. v. Kirk, 62 Texas, 227-31; Texas & P. Ry. Co. v. De Milley, 60 Texas, 195-99; Bennett & Lovell v. Katy, 11 Texas Civ. App., 427; Houston, E. & W. T. Ry. Co. v. Richards, 20 Texas Civ. App., 205; District of Columbia v. Armes, 107 U. S., 519 (618); 8 Camp & Crowe Ency. of Evidence, p. 926-28.

BOOKHOUT, ASSOCIATE JUSTICE.—This was an action for damages for personal injuries alleged to have been sustained by the appellee in alighting from one of the passenger trains of the appellant at Greenville on the 14th day of November, 1905. It was alleged that when said train arrived at the station of Greenville it was dark, and that said train was backed up to the defendant's station on the second track from defendant's passenger station, and that the passenger coach in which plaintiff was riding was backed some distance up said track to and near its said station house; that defendant and its agents had negligently failed to provide a platform or other safe means by which its passengers could alight in safety from its trains; that the defendant had negligently and carelessly provided a brick pavement to be used by its passengers in alighting from its passenger trains, and the said brick pavement was negligently constructed and was rough and uneven in this, that the brick was not placed on a level, some projecting above and others below one another, making it rough and uneven; that the said pavement had not been flushed with cement mortar so as to fill up the cracks and crevices between the bricks, some places being lower than others, and would hold water, and in the course and use of time had become in such condition as above described. That the defendant and its agents had negligently and carelessly provided a small box or foot-stool, which was badly worn, and wholly unfit and unsafe for the purpose for which it was used, which it placed on said rough and uneven pavement for plaintiff and other passengers to use and step upon when alighting from its trains; that said box was too small to be safe for the purpose for which it was used. That the plaintiff, while exercising due care for his own safety, stepped from the bottom step of said car on to the box or foot-stool placed there by defendant, its agents and servants, and that by reason of the defective box and rough and uneven pavement, the box or foot-stool slipped and turned over, causing him to fall backward with great force and violence against the steps and railings of the said car and into the said box, causing the injuries alleged.

Defendant answered by a general demurrer, a number of special exceptions not necessary to be here noted, a general denial, and a special plea of contributory negligence, to the effect that if the plaintiff

sustained any injuries at all they were proximately caused and contributed to by his own negligence and want of ordinary care; that he was negligent in the manner in which he stepped from the platform of the coach or in the manner in which he stepped upon the foot-stool, or in placing his foot on the said foot-stool or near the edge or the end thereof, or that he failed to look or heed how or where he was stepping upon the foot-stool, knowing all the time that the foot-stool was being used as a step-box between the coach and the pavement upon which it was placed. There was also a plea of assumed risk. A trial before the court with the aid of a jury, October 8, 1908, resulted in a verdict in favor of the appellee for $10,000, upon which judgment was duly entered. Appellant's motion for a new trial having been overruled, it duly perfected its appeal to this court.

*Conclusions of fact.*—The appellee, W. O. Dunbar, while a passenger on the appellant's railroad, was injured in alighting from one of its cars at Greenville, Texas, on or about the 14th day of November, 1905, by the upsetting of the step-box or foot-stool furnished by appellant to assist its passengers in alighting from its cars at Greenville. The appellant was guilty of negligence in failing to provide a platform at Greenville upon which its passengers could alight, and in providing a foot-stool or step-box which was defective and unsafe, and in furnishing a pavement upon which its passengers were to alight which was rough and uneven, and plaintiff's injuries were the direct and proximate result of appellant's negligence in some one or all of these respects, and by reason of said negligence he sustained injury and was damaged in the amount of the verdict and judgment. The appellee was not guilty of negligence and he did not assume the risk.

*Conclusions of law.*—The first assignment of error challenges the correctness of the first clause of the court's charge as follows: "That the defendant railroad company was not an insurer of the safety of the plaintiff on the occasion complained. of by him, but it was required to exercise such a high degree of foresight as to possible dangers, and such a high degree of prudence in guarding against them, as would be used by very cautious, prudent and competent persons under similar circumstances in providing the safest appliances that had been known and tested, to enable him to alight, and a failure to exercise such care is negligence." The propositions presented are: (1) That this charge is erroneous in that it imposes upon the defendant, with respect to the means and appliances provided for the use of passengers in alighting from its trains a higher degree of care than is required of it by law. The defendant was required to exercise ordinary and reasonable care only in providing such means and appliances, and not the highest degree of care as defined in the charge; and (2) that the charge, in requiring of defendant such a high degree of foresight as to possible dangers to the plaintiff in alighting from the train and the like degree of prudence in guarding against such possible dangers to him in so alighting, is erroneous and more onerous than is imposed by the law, because the defendant was required to do no more than provide against such dangers as could reasonably have been foreseen or

anticipated by the use of that high degree of care which very cautious and prudent and competent men would use, and not against every possible danger that might arise in the course of its business as a public carrier of passengers. Neither of these propositions is sustained. The charge is in accordance with the rule laid down by the decisions of the courts of this State, and is correct. (International & G. N. Ry. Co. v. Halloren, 53 Texas, 53; Missouri Pac. Ry. v. Wortham, 73 Texas, 25; International & G. N. Ry. v. Welch, 86 Texas, 204.) A charge in all respects similar to the above was approved and held correct on a former appeal of this case. (49 Texas Civ. App., 12.)

Error is assigned to the third paragraph of the court's charge, as follows: "Therefore, if you believe from the evidence on the occasion complained of by plaintiff, that the ground or pavement provided by defendant where plaintiff was required to alight was rough and uneven, and at said place that defendant had provided no platform on which its passengers were to alight from its train, but a box to step from its train, placed upon said pavement; and if you further believe from the evidence that by reason of said uneven pavement, if it was uneven, said box placed upon the same was caused to tilt over when plaintiff stepped thereon to alight, and he was injured as alleged by him, if he was injured; or if you believe from the evidence that said box was unfit or unsafe for the purpose for which it was used, and by reason thereof it tilted or turned over when plaintiff stepped thereon to alight, and he received injury, if any, as alleged; and if you further believe from the evidence that the defendant failed to exercise that high degree of foresight as to possible dangers to its passengers, and that high degree of prudence in guarding against them as would be used by very cautious, prudent and competent persons in providing said uneven pavement, if it was uneven, and placing said box thereon on which its passengers were to alight, or providing said box for said purpose; and if you further believe from the evidence that such failure, if any, was the proximate cause of the injury, if any, to plaintiff, as alleged by him, then and in either event you will find for the plaintiff. If you do not so find you will find for defendant." It is contended that this charge, in so far as it directs the jury that if the defendant had provided no platform for passengers to alight from the train, but a box to step from the train placed upon the pavement, and that in so providing said box for such purpose the defendant failed to exercise that high degree of foresight as to possible dangers to its passengers and that high degree of care in guarding against them as would be used by very cautious, competent and prudent persons, and such failure was the proximate cause of plaintiff's injuries, to find a verdict in his favor, is erroneous, because the proximate cause of the accident as alleged in the petition was not the providing of said stepbox alone for use by passengers in alighting from the trains, but was the use of an alleged improperly constructed, defective and worn stepbox upon an alleged rough and uneven pavement, and that the two combined made the box slip, move and turn over, and caused the accident and injuries. This paragraph of the charge announced a correct proposition of law. It is clear that a public carrier is not only required to provide reasonably safe means whereby its passengers may

alight from its cars, but the safest which are known and have been tested.   See authorities above cited.

Error is assigned to the court's refusal to read to the jury appellant's requested charge No. 2, reading: "You are instructed that an accident which can not be reasonably anticipated by the exercise of that high degree of care that a very careful, prudent and cautious person under similar circumstances would have used is not actionable; and so, if you believe from the evidence in this case that the defendant, in the means that it had provided for passengers to alight from its train at the time and place of the accident, used the degree of care above defined, you will find for the defendant."   The court had given a correct charge on contributory negligence.   He further instructed the jury that the burden of proof was on plaintiff to make out his case by a preponderance of evidence.   At the instance of defendant they were further instructed in special charge No. 1, as follows: "In its provisions made for the alighting of its passengers from its trains, the defendant was not required to provide such means as to insure their safety.   The measure of its duty in that respect was to use that high degree of care that very prudent and cautious persons under like or similar circumstances would have used, and a failure on its part to exercise such a degree of care in its provisions made for the use of its passengers in alighting from trains would be negligence.   Unless, therefore, you believe from the evidence that the defendant was guilty of negligence in the provisions it had made for the alighting of its passengers from its trains at the time and place of the accident—that is, that it failed to use the degree of care above defined—and unless you further believe that such negligence of the defendant, if any, was the proximate cause of the injuries of the plaintiff, if any, your verdict should be for the defendant;" and in special charge No. 6, as follows: "It was the duty of the plaintiff in the manner in which he alighted from the train to use that degree of care for his own safety which a man of ordinary care and prudence under like circumstances and surroundings would have used.   If, therefore, you believe from the evidence that the plaintiff in the manner in which he stepped from the car to the foot-stool or step-box failed to use such care as a man of ordinary care and prudence would, under like circumstances, have used, and that such failure, if any, caused or contributed to cause the accident, you will find for the defendant, and this, even though you may believe that the defendant was guilty of negligence."   In view of the court's charge and the above special charges there was no error in refusing special charge No. 2.

For the same reason there was no error in the court's action in refusing special charges Nos. 3 and 4, requested by appellant, the refusal of which is made the basis of its fourth and fifth assignments of error, and the same are overruled.

In the sixth assignment it is contended by appellant that the trial court erred in refusing special charge No. 5, as follows: "If you believe from the evidence that the stool or step-box used by the defendant for its passengers to alight from its trains at the time and place of the accident was such a stool or step-box as would have been used

by persons of a very high degree of care and prudence under similar circumstances, and if you further believe that the pavement or platform upon which the step-box was used was smooth, so that the step-box would not turn or tip over with a passenger in alighting from the train who himself was using ordinary care in stepping thereon from the steps of the coach, your verdict should be for the defendant."

The third paragraph of the court's charge previously quoted herein groups the facts which the jury are instructed if they find exist they should then find for plaintiff. And they were further instructed at the close of the same paragraph, "If you do not so find you will find for defendant." This clause submitted to the jury the same issue sought to have submitted by requested charge No. 5, and its refusal does not constitute error.

It is contended that the trial court erred in admitting the testimony of the witnesses Hall and Melton to the effect that they had on different occasions seen foot-stools or step-boxes turn over or slip about when passengers stepped upon them in alighting from the east-line trains at Greenville. These witnesses had been meeting passengers on the arrival of the trains for the purpose of carrying them to their homes or to hotels, and had occasion to notice these step-boxes. Their evidence was admissible. (Railway v. Dunbar, 49 Texas Civ. App., 12.) The testimony of the witnesses, the refusal to admit which is made the ground of the ninth assignment of error, was held inadmissible on the former appeal, and we concur in that holding. (49 Texas Civ. App., 12.)

The remaining assignments of error, that the verdict of the jury is contrary to the evidence and is excessive, are disposed of adversely to appellant in our conclusions of fact. There is evidence tending to show that plaintiff was seriously and permanently injured by the fall; that he has suffered greatly, mentally and physically, and will continue to so suffer by reason of said injuries; that there is a chronic case of inflammation in one of his kidneys, and he is seriously injured in the lumbar region, and he suffers from irritability of the spine.

Appellee was a farmer, and previous to being injured he was a stout, robust man, able to perform any kind of work on his farm. He was in good health. Since being injured he has not been able to do farm work. There is nothing in the record to indicate that the verdict of the jury was the result of passion or prejudice. In view of these facts we can not say that a verdict for $10,000 is excessive.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

Writ of error refused.