MISSOURI PACIFIC RAILWAY COMPANY ET AL. v. C. A. WORTHAM.

No. 2670.

**Negligence.**—The fact that a custom existed among railway companies of using a small box for passengers to step upon in alighting from a car which might be overturned by an incautious step is not conclusive in favor of a company on the question of negligence in a suit for damages claimed to have resulted to a passenger from its use. A railway company is not only bound to provide a reasonably safe means whereby passengers may alight from a car, but the safest which has been known and tested. If an appliance for alighting be less safe than the safest which has been used and tested, and a passenger is without negligence on his part injured by its use, the fact that it has been safely used by others is immaterial; a right of action exists for resulting damage.

APPEAL from Houston. Tried below before Hon. F. A. Williams.

Appellee, with her invalid daughter, Mrs. Long, was a passenger from San Antonio to Crockett via Taylor and Palestine, and was changing cars at Taylor for Palestine when she stepped from the lowest step on the car platform on to a stool provided by the railroad company for passengers to alight on, and the stool tilted which caused her to fall. The cap of her right knee was much contused so that she suffered severe pain and became unable to walk without assistance. The petition alleged that the platform or ground and stool were unsafe and insufficient and that appellants negligently failed to furnish her personal assistance in alighting, whereby she was injured, etc. Appellants pleaded the general issue, also that the appliances and facilities for passengers to alight were safe and sufficient; that appellee's injuries were attributable to her own want of due care or were the result of accident for which they were not liable.

Verdict and judgment October 30, 1888, for $2000 actual damages.

*Burnett & Hays,* for appellants.—The verdict and judgment are contrary to law and unsupported by the evidence in this: The evidence clearly showed that appellants furnished suitable and safe appliances for passengers to allight on, which appliances had uniformly proved safe and sufficient, and that the accident which caused appellee's injury was the result of her own want of due care, or was a misadventure for which appellants are not liable. Lafflin v. R. R. Co., 106 N. Y., 136 (30 Am. and Eng. R. R. Cases, 596); Raben v. R. R. Co., 34 N. W. Rep., 621 (31 Am. and Eng. R. R. Cases, 45); Simms v. R. R. Co., 3 S. E. Rep., 302 (30 Am. and Eng. R. R. Cases, 571); Eckerd v. R. R. Co., 30 N. W. Rep., 615 (70 Ia., 353); R. R. Co. v. Napheys, 90 Pa. St., 135 (1 Am. and Eng. R. R. Cases, 52); R. R. Co. v. Statham, 42 Miss., 607; R. R. Co. v. Locke, 112 Ind., 404 (14 N. E. Rep., 391).

It was not appellants' duty to furnish some one to aid appellee in alighting from the car if proper and suitable facilities were supplied for the safe debarkation of their passengers, and the charge was erroneous and misleading in that it in effect held that such duty was devolved on appellants, and the court should have given the charges asked by appellants. Lafflin v. Railroad Co., 106 N. Y., 136; Raben v. Railroad Co., 34 N. W. Rep., 621.

*Nunn & Denny,* for appellee.

GAINES, ASSOCIATE JUSTICE.—This was an action brought in the court below by appellee against the Missouri Pacific Railway Company and the International & Great Northern Railroad Company to recover damages for a personal injury alleged to have been received by the appellee in descending from a car of the appellant companies. The injury is alleged to have occurred by reason of the negligent failure of appellants to provide safe means for her descent.

The undisputed facts are that appellee and her daughter purchased tickets at San Antonio and took passage on appellants' train from that point to Crockett. At Taylor it became necessary to change cars. On approaching the last named place the car upon which they were traveling stopped at the regular stopping place but at a point where there was no platform. A stool in the shape of a box about eleven inches square on the top and somewhat larger at the bottom, and constructed for the purpose, was placed upon the ground in front of the car steps to aid passengers in alighting. The appellee left the car after it had reached the station, but in descending she fell and received the injury of which she complains.

There can be but little doubt that the box overturned with her as she stepped upon it. As to the circumstances attending the accident the testimony was conflicting. The appellee, her daughter, and another

passenger, deposed that she was not assisted in descending from the car by any one. The conductor, the brakeman, and the porter on the train testified that they saw the accident, and that the brakeman assisted her in alighting. They were corroborated on this point by two of the passengers.

The appellee and her daughter testified that the ground upon which the box was placed was rocky and uneven, but the kind and size of the stones they do not state. The passenger who testified for appellee gave testimony to the same effect, but it is evident he did not know whether stones were broken rocks or mere pebbles. A son-in-law of appellee testified that he saw the ground some time previous to the accident and that there were fragments of broken rock upon it. Four of defendants' witnesses *deposed* that the ground was covered with gravel and was level and smooth as gravel could make it. The testimony of these witnesses also tended to show that plaintiff's fall was caused by her stepping upon the edge of the stool.

Such being the evidence we must hold that appellants' first assignment of error, which calls in question its sufficiency to sustain the verdict, is not well taken. Notwithstanding the testimony on part of appellants that boxes of this character were in general use upon railroads to assist passengers in alighting, and that several passengers used the same box upon this occasion and that none of them were injured, we do not think that the jury were bound to conclude that the appellants in using it exercised that high degree of care which their duty to the appellee required. She was a passenger alighting from the car on which she had been traveling to take another and to complete her trip under her contract with appellants. They owed her the duty of providing not only a reasonably safe appliance for enabling her to alight in order to make the transfer, but the safest that had been known and tested. It would be unreasonable to say that a small box or stool which presented the surface of about one square foot and rested upon a base but a little more extensive, and which was shown to be capable of being overturned at least by an incautious step, could be as safe as a platform, such as in ordinary use among railroads. If it were not the jury were authorized to find that the companies had not exercised the degree of care required of them. It is apparent from the testimony in the case that if a platform had been provided, or even a safe substitute, such as could not have been overturned by a step upon the edge, the injury in this case would not have resulted, and it follows that no amount of testimony as to the length of time it had been used and the number of persons who had passed over it securely or of expert opinion as to its safety ought to be permitted to overcome the undoubted physical facts in evidence.

It follows that in our opinion the court did not err in giving the charge complained of in the third assignment of error. The statement under the

assignment in the brief is that "the court charged that if defendants failed to furnish 'such facilities, appliances, or assistance to plaintiff in alighting at Taylor as prudent and competent persons in the same business would commonly employ in like situations and circumstances,' and plaintiff's injury resulted therefrom, to find for her unless she was guilty of contributory negligence."

If there is error in this it is an error which is favorable to appellants. The appellants also asked the following instructions, which were refused:

"It was not the legal duty of defendants to have assisted plaintiff in alighting from the car if reasonably safe and proper appliances were supplied, so that she could with reasonable care have safely alighted therefrom.

"If the platform or depot ground at Taylor at the time of the injury received by plaintiff, and the stepping stool on which she alighted, had been in daily use for years, and had proved adequate and safe for receiving and delivering passengers, then defendants could use the same without the imputation of negligence, and if you so find the facts you will find for defendants."

It may be conceded that if appellants had had a proper platform at the station upon which the passengers could have alighted, their duty as to this matter would have been discharged, and that they were not called upon to render personal assistance. But we think that in order for them to claim immunity for the failure in this particular and for the use of an appliance less safe, it was their duty at least to render such assistance to passengers as to make the use of the stool as safe as a platform would have been. From what we have already said it is obvious that the latter instruction requested should not have been given. The carrier must furnish the passenger not only a reasonably safe appliance but the safest.

It is also complained that the court erred in qualifying charge No. 3 asked by appellants. The charge as qualified is as follows: .

"If you believe from the evidence or a preponderance of the evidence that the stepping stool used by defendants for passengers to alight on at the time plaintiff was injured was a reasonably safe appliance for the purpose, and it was properly placed on ground sufficiently smooth or even so as to prevent it from turning or tilting by the use of due care on the part of passengers, *and the defendants were not guilty of negligence in using it nor otherwise guilty of negligence*, you will find for defendants."

The modification consisted in the insertion of the words which appear in italics. We think the charge was not proper without the qualification, and with it is quite as favorable as appellants had the right to demand.

The appellants also asked a charge to the effect that "if the plaintiff stepped carelessly or accidentally on or near the box and her fall was occasioned thereby" the jury should find for defendants. This charge was also refused, and in this there was no error. A proper instruction upon

contributory negligence had been given in the general charge. This counsel for appellants admits in his brief. There is no middle ground. If plaintiff exercised due care in stepping upon the box and she was thrown down and injured, it follows that it was not the best appliance that could have been used to insure the safety of passengers in descending from the cars, and the companies were guilty of negligence. If there had been a platform the accident could not have happened. There was negligence either upon the one side or the other, and hence there was no evidence upon which to base a theory of pure accident.

The whole case comes to this, that if the plaintiff's own negligence did not contribute to the injury (upon which the jury were fairly and pointedly instructed), upon the undisputed facts in evidence the appellants are responsible for the injury. Even if it had been proved that assistance was rendered to plaintiff in descending from the car, it would but have shown that despite the help the stool was still unsafe.

We find no error in the judgment and it is affirmed.

*Affirmed.*

Delivered February 12, 1889.