TEXAS & PACIFIC RAILWAY COMPANY v. B. F. BROWN.

No. 3050.

1. **Approach to Railway Platform—Charge.**—In an action for damages against a railway company for injuries received by plaintiff in falling from a platform upon leaving a car at a depot, where the negligence alleged was not that the company had not constructed a safe passage way, but that it had provided no means by which that way was apparent to passengers alighting in the night time, it would be improper to charge the jury that plaintiff could not recover if defendant had provided a way upon which the public could safely travel, and if plaintiff went in a direction which the public did not usually go.

2. **Same—Charge.**—The court properly charged the jury that it was the duty of the railway company to provide good and safe places of egress from its platform at such places as persons would naturally or ordinarily go; it appearing that the way prepared was zigzag in course and not visible from darkness, and the plaintiff was ignorant of the place and had left the platform in a natural direction.

3. **Verdict.**—See facts held to sustain a verdict for $5000 for personal injury suffered by the plaintiff.

4. **Hostility of Witness may be Proved when Denied by Him.**—A witness may be interrogated on cross-examination as to statements made by him showing his hostility to the party against whom he is called, and if he deny having made them the statements may be proved by other witnesses.

5. **Same — Example.**—A witness for defendant on cross-examination denied having stated "he would be willing to swear that white was black and black was white in order to defeat plaintiff's claim;" it was competent to prove the statement by other witnesses.

6. **Railway Platform—Duty of Railway.**—In an action by a plaintiff for personal injury suffered while going from a platform, if it be shown that he was careful and was injured in the attempt to get off the platform, negligently constructed and badly lighted, and if a person would naturally get off the platform at the place plaintiff did, then he should recover. See charge embodying this.

7. **Defective Charge—Practice.**—A failure to give such charge as a party had the right to demand is no ground for reversal. See example.

APPEAL from Gregg. Tried below before Hon. Felix J. McCord.

The opinion states the case.

*F. H. Prendergast,* for appellant, cited Railway v. Coon, 69 Texas, 731; Whart. Ev., sec. 559; 1 Greenl. Ev., sec. 449; Moore v. Moore, 73 Texas, 388; Bennett v. Railway, 41 Am. and Eng. Ry. Cases, 185; Cross v. Railway, 35 Am. and Eng. Ry. Cases, 479; Lafflin v. Railway, 30 Am. and Eng. Ry. Cases, 599.

*T. M. Campbell* and *R. C. De Graffenreid,* for appellee, cited Railway v. Eckford, 71 Texas, 274; Stewart v. Railway, 53 Texas, 289; Railway v. Arnold, 35 Am. and Eng. Ry. Cases, 466; Moses v. Railway, 4 Am. St. Rep., 231; McDaniel v. Railway, 26 Iowa, 134; Tobin v. Railway, 8 Am. Rep., 415; Railway v. Randall, 50 Texas, 254; 1 Greenl. Ev., secs. 450, 455, and notes.

GAINES, ASSOCIATE JUSTICE.—The appellee was a passenger on appellant's road, and having alighted from the train in the night time, in attempting to leave the platform fell and received personal injuries, for which he brought this suit and recovered a judgment. The place of the accident, with its surroundings, is shown by the accompanying diagram. (See next page.)

There were two platforms attached to the station, both north of the track, the lower adjacent thereto and the higher contiguous to and north of the lower. Upon the higher the company's waiting room, offices, and ware room were situated. The way of passing from the cars was to go west along the lower platform to the steps at H; thence up the steps to the upper platform; thence north along the west end of the building to the incline marked EEE, and thence down that to the ground.

The plaintiff testified that he had been at the station before the night of the accident, but did not recollect the way which was provided for approaching and leaving the cars; that on the night in question it was dark, and that having alighted upon the lower platform he started west, that being the direction of the house of the friend whom he was going to visit. Not being able to see by reason of the darkness, he stepped off the platform at the west end, and there being no steps, fell upon a log and was injured. The only light about the station, except those in the waiting room and office and the car of the Cotton Belt road, was a lamp at the corner of the depot building—at the point marked F on the plot. That was an ordinary lamp.

The appellant first complains that the court erred in refusing to give the following special instruction: "If defendant did not furnish safe places for persons to go from their depot at Big Sandy, and plaintiff was injured by reason of defendant's failure to do these things, then plaintiff can recover. And if the depot at Big Sandy has places prepared for the public where they can go in safety, then plaintiff can not recover if he received his injuries in going from the depot in a direction where the public did not usually go, and in a direction which had not been prepared for the public."

The charge was properly refused. A railroad company is bound to provide but one safe way of approach and egress to and from its cars. But the act of negligence which was charged in this case, and which the evidence tended to prove, was not that the company had not constructed a

safe passage way, but that it had provided no means by which that way was apparent to passengers alighting in the night time, and that they were left to grope their way without sufficient light and to encounter dangers that could not be discovered. In such a case it would have been erroneous to charge that plaintiff could not recover if the defendant had prepared a way which the public could safely travel, and if plaintiff went in a direction in which the public did not usually go. There was no evidence that the defendant knew the way people usually went.

What we have just said we think sufficient to dispose of the appellant's second assignment of error.

The third complains that "the court erred in charging the jury that it was the duty of the railway company to provide good and safe places of egress from its platform at such places as persons would naturally or ordinarily go. This was error, (1) because the law does not impose such a duty on the railway company, and (2) because the evidence did not justify such a charge."

But we think that the charge was called for by the evidence and correct as applied to it. The plaintiff, not being familiar with the surroundings, as he testified, was put off upon a low platform. It seems to us that he would most naturally attempt to leave at the end in the direction he desired to go. The way prepared by the company was zigzag in direction and up several steps and across a higher platform. How a passenger in the night time in that dimly lighted locality could be reasonably expected to find such a way without some one to direct him, we are at a loss to understand. We think most persons would, under the circumstances, have reasonably concluded that they could safely leave the lower platform in almost any direction, and that the defendant should have provided either better lights or safe means of leaving the platform at every point at which a passenger would be likely to step off.

It is complained that the damages were excessive. The plaintiff was rendered unconscious by his fall, and had a rib broken. His physical sufferings do not appear to have been great, because he was able to travel to his home next day, and was soon capable of attending to business. But the testimony leaves no doubt that by a rupture of some membrane of the chest *emphysema* was produced and he was seriously disabled for life. The disease renders respiration distressing and difficult under active exercise, and is incurable. Such being the case, the well established rule in this court does not permit us to set aside a verdict for $5000 as excessive.

It is also complained that the court erred in not granting a new trial, "because the verdict is contrary to the evidence in this: The plaintiff went an unusual direction from the depot, when there was a safe way prepared for passengers which was known to plaintiff, and going the unusual way caused plaintiff injury."

The plaintiff's own testimony was: "I had been to Big Sandy twice before I was hurt; one time in the night. I got off the Cotton Belt train on the west side. The way I went seemed to be the safest and best route. I thought I was going the usual route. I did not know the usual route was north of the Cotton Belt car."

It seems to us that most persons under the same circumstances would probably have gone the way the plaintiff went. The evidence we think sufficient to sustain the verdict.

During the progress of the trial one Faulhaber, a witness for the defendant, was asked upon cross-examination if he had not said at a certain time and place that "he would be willing to swear that white was black and black was white in order to defeat plaintiff's claim," and answered that he had not. Thereupon the plaintiff was permitted to prove by two witnesses, over the defendant's objection, that Faulhaber had made that statement. The court did not err in admitting the testimony. A witness cannot be impeached by asking him upon cross-examination if he has not made a statement in reference to some fact immaterial to the issue which is being tried, and by calling, after his denial, witnesses to prove that he did make such statement. But the question of the hostility of a witness to the party against whom he is called is not a collateral and immaterial inquiry. In the language of Starkie, "The inquiry is not collateral, but most important to show the motive and temper of the witness in the particular transaction." 1 Stark. Ev., 135. The authorities accordingly hold that a witness may be interrogated on cross-examination as to statements made by him showing his hostility to the party against whom he is called, and if he deny having made them, that the statements may be proved by other witnesses. Newton v. Harris, 2 Seld. (N. Y.), 345; Atwood v. Welton, 7 Conn., 66; Drew v. Wood, 6 Fost. (N. H.), 363; Martin v. Farnham, 5 Fost. (N. H.), 195; Long v. Lampkin, 6 Cush. (Mass.), 361.

The following charge given by the court is also assigned as error: "If you believe that the approaches to said platform were so negligently constructed and lighted as that plaintiff could not see the danger of such approach, and that the place where he left the platform was one where a person would naturally get off, and he in the exercise of prudence attempted to leave the platform and was injured thereby without fault on his part, plaintiff would be entitled to recover."

The brief for appellant concedes that if the expression "was injured thereby" refers to the defect in the approach to the platform, the charge is not subject to objection. But it is claimed that if the word "thereby" refers to the act of leaving the platform, it is erroneous. If the plaintiff was careful and was injured in the attempt to get off the platform, and if it was negligently constructed and badly lighted, and if a person would

naturally get off the platform at that place, the company would be liable. Such we take to be the proper construction of the charge in question.

It is also assigned that the court erred in giving the following charge: "Now if the railroad company did provide suitable and safe approaches to their platforms at Big Sandy for the egress of its passengers at such points as passengers would ordinarily or naturally go, properly lighted, and the plaintiff did not exercise proper and reasonable care, and walked off the platform in the dark at a point not provided for passengers to leave, and it was a point that passengers would not naturally or ordinarily go to get off the platform, the plaintiff can not recover."

It is insisted that this charge is erroneous "because it made it necessary for the defendant to prove both that it was careful and that plaintiff was negligent before it was entitled to a recovery." But the charge does not assert this proposition. It tells the jury that if the defendant was careful and the plaintiff was negligent the latter could not recover. This is correct. The proposition is not erroneous. The court might properly have gone further and charged in the disjunctive, and have told the jury that if either the defendant was careful or the plaintiff negligent the defendant should have a judgment. This presents an instance not of an erroneous charge, but of a failure to give an instruction which the defendant had the right to demand. If the defendant had asked a disjunctive charge it would doubtless have been given. Not having made the request, it can not complain of a charge which is correct, but merely defective. It is true the charge suggests an implication that unless they found that there was care on the part of defendant and negligence on the part of plaintiff the latter should have a verdict. But we think in view of the case made by the plaintiff the jury were not in fact misled.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered November 11, 1890.