TEXAS & PACIFIC RAILWAY COMPANY v. EMILY LEE.

Decided April 26, 1899.

**1.  Pleading and Proof.**

Evidence of the reasonableness of the charges for a physician's services and medicine is admissible in a suit to recover for personal injuries, although the petition which sets out the amounts does not aver that they are reasonable, there being no special demurrer.

**2.  Evidence—Declarations—Res Gestae.**

Statements by a witness on cross-examination in an action to recover for personal injuries, that while plaintiff was at his house the night of the injury she had complained that she tasted blood, are not inadmissible on the ground merely that they are irrelevant and self-serving.

**3.  Same—Opinion.**

A statement that in the opinion of witness defendant's train stopped at a certain station long enough for plaintiff to alight is inadmissible, being a mere conclusion and not a statement of the facts.

**4.  Railway Company—Negligence—Duty to Passengers Alighting.**

The failure of a railroad company to use proper care and diligence, such as prudent person would exercise under the circumstances, to stop its trains sufficient time and light its platform at night so that passengers may leave its train in safety, is negligence.

APPEAL from Lamar.  Tried below before Hon. E. D. McCLELLAND.

*T. J. Freeman* and *Head, Dillard & Muse,* for appellant.

*W. S. Hutchinson* and *Allen, Hathaway & Allen,* for appellee.

JAMES, Chief Justice.—There was testimony of negligence on the part of defendant, as the cause of the injury to plaintiff, and testimony showing the absence of contributory negligence on the part of plaintiff.

The petition alleged that plaintiff, by reason of the negligence of defendant as set out, and of the injuries inflicted upon her, has been compelled to expend and become liable for the sum of $25 worth of medicines, and has paid and become liable to pay physician's bills to certain doctors in the sum of $125. There was no allegation that above sums were reasonable, and the first assignment is that the court erred in allowing proof of the reasonableness of the physicians' bills. There was no special demurrer. We conclude that the testimony was admissible. Railway v. Stuart, 48 S. W. Rep, 803. This disposes of the sixth assignment.

The second assignment complains of the testimony of Rev. Henry Dedman on cross-examination as follows: "I don't know whether she (plaintiff) said anything about her side, but she called my wife and said she tasted blood. I remember that. I didn't hear her say anything about her side." On direct examination he had testified that he saw the accident, and testified as to the circumstances of the accident, and that plaintiff stayed all night at his house and left his home the next morning. The statement in question was made during the night of the accident, while plaintiff was at the house of witness. That such a statement of the injured party would be admissible under some circumstances is clear from the authorities. Statements of this character are not excluded as being immaterial, irrelevant, or self-serving. These were the only objections made to the testimony. The objection that the statement was made to another than an attending physician, or even that it was hearsay, was not presented. Therefore, from the objections made and under the ruling of the Supreme Court in Wheeler v. Railway, 43 Texas, 876, we overrule this assignment.

The third assignment states that the court erred in excluding testimony of witnesses that in their judgment the train stopped at the station a sufficient length of time to have permitted plaintiff to alight in safety. This was an issue of fact for the jury, and the witnesses should therefore have stated the facts and not given their solution of the issue. The ruling was correct.

The fourth and fifth assignments present objections to the charge, that it was the duty of defendant to stop its train at Brookston a length of time reasonably sufficient to afford passengers who wished to get off there to alight with reasonable safety to themselves, and to provide lights there at night sufficient to enable such passengers to see how to get off with reasonable safety, and to exercise proper care not to injure its passengers while alighting from the train, and that a failure to use proper care and diligence to perform any of the above duties would be negligence. We

have, it seems, no statute which directs carriers of passengers to stop their trains at stations a reasonably sufficient time to enable passengers to alight, nor to provide for proper lighting of platforms for that purpose, but that such is their duty or obligation to passengers is well settled. Stewart v. Railway, 53 Texas, 289; Railway v. Brown, 78 Texas, 397; Railway v. Copeland, 60 Texas, 328; Hamilton v. Railway, 64 Texas, 253; Railway v. Gorbett, 49 Texas, 575; Railway v. Wortham, 73 Texas, 27.

A case that approaches this one, as to the question as issue, is Railway v. Burnet, 19 Texas Civil Appeals, 626. Whilst we incline to the opinion expressed in that case, we consider the charge before us materially different. Here the court did not tell the jury that a failure to observe the above duties to the passenger was negligence, or that plaintiff could recover for the mere failure to perform such duties. It charged that a failure on the part of defendant to use proper care and diligence such as a prudent person would have exercised under the circumstances to perform any of the above duties would be negligence. The charge was the law. It left the question of negligence to the jury. In Railway v. Rogers, 91 Texas, 52, the District Court in its charge assumed that to be the duty of a railway company which neither a statute nor the decisions declared was its duty. It is universally held to be the duty of carriers of passengers to stop a reasonably sufficient time at depots to enable them to get off or on safely, and also in the nighttime on such occasions to see that sufficient light is provided to enable passengers to get on or off with safety. We concur with the views on this subject expressed in Railway v. Stuart, 48 Southwestern Reporter, 799, and Railway v. Stewart, 47 Southwestern Reporter, 334. If such were the recognized duties of the carrier in this case, we can see no valid objection to so stating to the jury, where they are further instructed, as was done in this case, not that the failure to perform said duties would be negligence, but that the failure to use such care and diligence to perform them as a person of ordinary prudence would exercise under the circumstances, would be negligence.

In view of the charges given, we think there was no error in refusing the special instructions referred to in the seventh and eighth assignments. Affirmed.

*Affirmed.*

### ON REHEARING.

The opinion of the Supreme Court in the case of Railway v. Stewart, 92 Texas, 540, does not differ from that of the Court of Civil Appeals in its bearing on the propriety of the charge in the present case.

The other grounds for rehearing have already been sufficiently discussed. The motion is overruled.

*Overruled.*

Writ of error refused.