**ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. GREEN et al.**

(Court of Civil Appeals of Texas. Austin. May 24, 1911.)

1. RAILROADS (§ 485*)—FIRES—ACTIONS—INSTRUCTIONS—INCONSISTENCY.

An instruction that, if fire which escaped from defendant's engines set fire to plaintiff's wheat, there should be a verdict for plaintiff, was followed by an instruction that defendant was not liable if its engines were equipped with the latest and most approved spark arresters. *Held*, that the instructions were inconsistent.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1747–1756; Dec. Dig. § 485.*]

2. TRIAL (§ 295*)—INSTRUCTIONS—CONSTRUCTION OF CHARGE AS A WHOLE.

The rule that instructions are to be construed as a whole, and that one part may be looked to for determining the meaning of another, does not apply where the instructions are contradictory.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 703–717; Dec. Dig. § 295.*]

3. RAILROADS (§ 485*)—FIRES—INSTRUCTIONS—EQUIPMENT OF ENGINES.

An instruction that if defendant's engine was equipped with the latest and most approved spark arresters in general use by railroads, and that they were in good repair, and that the defendant had exercised reasonable care to keep them in good repair, and that defendant's employés used ordinary care in operating the engine to prevent the escape of fire, defendant was not liable, does not hold defendant to the absolute duty to so equip its engines with the latest and most approved spark arresters in general use, and is not reversible error.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1747–1756; Dec. Dig. § 485.*]

Appeal from Coryell County Court; R. E. West, Judge.

Action by A. C. Green and another against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

E. B. Perkins, D. Upthegrove, and Scott Sanford & Ross, for appellant. J. R. McClellan, for appellees.

KEY, C. J. Appellees recovered judgment against appellant for $345 as damages for the destruction of about 18 acres of wheat. The plaintiffs alleged in their petition that the fire was caused by sparks which escaped from a locomotive engine on one of defendant's trains. The defendant answered by general demurrer, general denial, and a plea alleging that at the time of the fire all of its engines were equipped with the latest and most approved spark arresters in general use by railroads, that such engines were carefully and properly handled and operated, and were in a good state of repair.

The first and second paragraphs of the court's charge read as follows: "If you believe from a preponderance of the evidence in this case that on the 2d day of June, 1910, sparks and fire did escape from * * *

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

defendant's locomotive, and set fire to the wheat of the plaintiffs, and that said fire (if any) did destroy the wheat of plaintiffs and if you so find, you will (return) a verdict for plaintiffs and assess their damages at the reasonable value of the wheat destroyed, together with interest at the rate of 6 per cent. per annum from the 2d day of June, 1910, to the 13th day of September, 1910.

"If from the evidence you believe that sparks of fire did escape from the engine of defendant and set the fire which caused the plaintiffs' injuries, but if from the evidence you believe that the engine from which the sparks are alleged to have escaped was equipped with the latest and most approved spark arresters in general use by railroads, and that the same were in good repair and working order, and that the defendant had exercised reasonable care to keep the same in good repair, and that defendant's agents and employés in charge of said locomotive used ordinary care in operating said engine to prevent the escape of fire therefrom, and if you so find, you will return a verdict in favor of defendant."

[1] Appellant assigns error upon both of these paragraphs of the charge, and we sustain the assignment as to the first. By that paragraph the jury was clearly and distinctly instructed that, if the plaintiffs' wheat was destroyed by fire caused by sparks escaping from defendant's locomotive, the plaintiffs were entitled to recover, and it was the duty of the jury to render judgment for them for the value of the wheat so destroyed. It is true that the second paragraph which immediately followed instructed the jury that, although the plaintiffs' wheat may have been destroyed by fire caused by sparks escaping from the defendant's engine, yet the defendant would not be liable, and the jury should return a verdict for it, if they found from the testimony that the engine in question was equipped with the latest and most approved spark arresters, etc. The trouble is that these two paragraphs of the charge were contradictory of each other, were calculated to confuse the jury and leave them free to follow either the one or the other, as their personal wishes or private feelings might dictate.

[2] It is a rule that in construing the instructions given by the court to the jury the charge is to be taken as a whole, and one part may be looked to for determining the meaning of another. But this does not apply where the charge has inconsistent and contradictory paragraphs. Baker v. Ashe, 80 Tex. 357, 16 S. W. 36. The court should have added to the first paragraph, "Unless you find for the defendant under instructions hereafter given," or words to that effect.

[3] Error is also assigned upon the second paragraph of the charge quoted, the contention being that appellant was only required to exercise ordinary care and diligence for the purpose of equipping its engines with the most approved fire arresters, etc., and that the charge in question made it appellant's absolute duty to so equip its engines. We do not so construe the charge. It does not tell the jury that the law required appellant to equip its engines with the most approved spark arresters, etc., but merely declares that, if it had done so, the jury should return a verdict in its favor. The charge followed the substance, and almost the very language, of appellant's answer; and, if the jury found the facts to be as therein stated, appellant was entitled to a verdict, as stated by the charge. This paragraph of the charge contained no affirmative error. Railway Co. v. Wood, 69 Tex. 679, 7 S. W. 372; Railway v. Brown, 78 Tex. 402, 14 S. W. 1034; Railway v. Hill, 95 Tex. 629, 69 S. W. 136.

This case is distinguishable from Railway v. Sharp, 131 S. W. 614, recently decided by this court. In that case the court instructed the jury affirmatively that, in order for defendant to relieve itself from liability for damages caused by fire escaping from one of its engines, it was necessary to show that it had equipped its engines with the most approved spark arresters, etc. No such instruction was given in this case, and for that reason the cases are not analogous.

We also doubt if appellant's answer in this case raised the question of the amount of care exercised in an effort to obtain proper equipment for the engine. Appellant did not allege that it had exercised reasonable care and diligence in an effort to properly equip the engine, but alleged that it had in fact equipped it with the most approved fire arresters in use by railroads, etc. However, upon another trial, we suggest that the charge be so framed as to relieve the case from the objection referred to.

We make no ruling upon the merits of the case as disclosed by the testimony.

On account of the error pointed out, the judgment is reversed and the cause remanded.

Reversed and remanded.