## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. FELTS. (No. 1780.)

(Court of Civil Appeals of Texas. Texarkana. May 25, 1917. Rehearing Denied June 14, 1917.)

1. WITNESSES ⬥⇒331½—IMPEACHMENT—COLLATERAL MATTERS.

Collateral matter cannot be used as a basis for impeachment of a witness.

2. APPEAL AND ERROR ⬥⇒232(2)—OBJECTION TO EVIDENCE—ADMISSIBILITY IN PART—IMPEACHING EVIDENCE.

Where a part of witnesses' testimony was admissible for impeachment purposes, objection to the whole of such evidence will not be sustained as ground for reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1430, 1431; Trial, Cent. Dig. § 223.]

3. WITNESSES ⬥⇒379(1) — IMPEACHMENT—INCONSISTENT STATEMENT.

Statements inconsistent and contradictory to witness' testimony at the trial and showing motive for his testimony were admissible for purpose of impeachment.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1209, 1247.]

Appeal from District Court, Smith County; R. M. Smith, Judge.

Action by E. K. Felts against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

The action is by appellee against the appellant company to recover damages for personal injuries received by him while assisting his coemployés, under the direction of his foreman, in unloading iron bolsters or draft timbers from a coal car. The negligence alleged was: (1) The failure of defendant company to furnish a sufficient number of men to lift and throw said bolsters or draft timbers from said car; and (2) the failure of defendant to use the hoist or "dinkey" in lifting and throwing same from the car. There was a judgment in accordance with the verdict of a jury.

Appellee was working for appellant as a member of the "scrap gang" that unloaded scrap iron, draft timbers or draft irons, and car wheels from cars. There were sometimes as many as three and sometimes as many as ten or twelve laborers in the gang. R. L. Dennis was the foreman. At the time of the injury in evidence appellee was engaged in helping to unload iron bolsters or draft timbers from a coal car the sides of which were from three to four feet in height. The bolsters in question were about eight feet long, and were curved pieces of iron or steel tapering from something like twelve inches wide and four inches thick in the middle to eight inches wide and five-eighths inch thick at the ends. They were very heavy, weighing, according to conflicting evidence, from 275 to 500 pounds each; and ordinarily two men were required to handle them, except when, as in this instance, they had to be lifted over the sides of the car before being thrown off, when three or more men were required to handle them. After he and his coworker, Tate, had unloaded several of the bolsters, appellee refused to continue unloading them without the assistance of a third man. His coworker, Moore, then took hold of one end of the bolsters, Tate the other end, and appellee the middle portion, for the purpose of lifting and unloading it. Tate and Moore were standing on the floor of the car while lifting the bolster, but appellee was obliged to stand on the pile of unloaded timbers. While they were attempting to throw the bolster out it caught on Tate's glove, and his end of the piece dropped, causing appellee's foot to slip on the pile of timbers, and at the same time throwing more weight suddenly and unexpectedly upon him. His thumb was mashed between the draft timber and the side of the car, and he claims to have also sustained a rupture by reason of the jerk and sudden shifting of weight upon him while in a strained position. There is evidence that the draft timbers were too heavy to be handled by hand in unloading them, and that the "dinkey" should have been used for unloading said draft timber on this occasion. There is evidence going to show that draft timber or bolsters of 200 pounds or over were unloaded by means of a "dinkey" or hoist used for the handling of heavier pieces. The evidence further shows that on this occasion Dennis, the foreman, was requested that the "dinkey" be used for the unloading of these bolsters or draft timbers, but that the request was refused.

The verdict of the jury involves the finding of fact, which has evidence to support it, that the appellant was guilty of negligence, as alleged, proximately causing the injury to appellee. The evidence warrants the amount of the verdict.

E. B. Perkins, of Dallas, and Marsh & McIlwaine, of Tyler, for appellant. Simpson, Lasseter & Gentry, of Tyler, for appellee.

LEVY, J. (after stating the facts as above). [1-3] By assignments of error numbered 1 to 11, inclusive, the appellant predicates error upon the admission of certain evidence shown in the bill of exception. It is thought by this court that a specific part of the evidence of Alex Natlock and Elbert Hulco was upon a collateral matter not competent to be a basis for impeachment. But, as part of the evidence of these two witnesses, it is concluded, admissible for impeachment as offered, the objection to the whole of the evidence may not be sustained as ground for reversal. The evidence of the other witnesses was, it is concluded, admissible as impeaching statements to show inconsistent and contradictory statements to the witness' testimony at the

trial and motive for his testimony. Railway Co. v. Jackson, 93 Tex. 262, 54 S. W. 1023; Railway Co. v. Munn, 46 Tex. Civ. App. 276, 102 S. W. 442; Railway Co. v. Brown, 78 Tex. 401, 14 S. W. 1034.

By assignments of error numbered 12 to 16, inclusive, the appellant predicates error upon the admission of certain evidence shown in the bill of exception. It is believed that a part of the evidence of plaintiff and of Colson was admissible for the purposes offered, and an objection made to the whole of the testimony complained of may not be sustained as ground for reversal. The testimony of Mrs. Barlow was admissible for the purpose, as offered, of impeachment of the testimony of the witness Dennis.

After reviewing the record, it is concluded that the seventeenth, eighteenth, and nineteenth assignments of error do not warrant a reversal of the judgment, and they are overruled.

Judgment affirmed.