Ford CHRONISTER et al., Appellants,

v.

CITY OF SAN ANTONIO, Appellee.

No. 13622.

Court of Civil Appeals of Texas.

San Antonio.

May 11, 1960.

Rehearing Denied June 15, 1960.

Lieck & Lieck, San Antonio, for appellant.

Carlos C. Cadena, City Atty., Arthur C. Troilo, Jr., Asst. City Atty., San Antonio, for appellee.

POPE, Justice.

Ford Chronister, individually and as next friend for his minor son, Robert B. Chronister, sued City of San Antonio for injuries sustained when Robert drove his motor scooter into a chughole in a city street. Upon findings of contributory negligence, the court denied recovery. Plaintiffs' points on appeal are that the trial court improperly permitted a policeman to testify that in his opinion Robert Chronister was driving the scooter at an excessive speed, and that the court improperly permitted City to impeach plaintiffs' main witness on collateral matters.

Robert B. Chronister in the late afternoon of December 2, 1958, was driving his motor scooter in a southerly direction on West Avenue in San Antonio. He drove up a slight rise, crossed some railroad tracks, and then down the rise where he ran into a hole in the street, which was about five inches deep. Robert did not see or know of the hole. His scooter hit the hole and turned over and he sustained personal injuries, which the jury assessed at $3,100. The jury found that the City was negligent in several particulars which proximately caused the injuries. But the jury also found that the minor was operating his scooter at an excessive rate of speed, was negligent in failing to keep a proper lookout, that he failed to have the scooter under proper control, and that these were proximate causes of the accident.

Plaintiffs urge that the findings of contributory negligence resulted from the admission of improper evidence. Just prior to the accident, Robert had been with two of his friends at a root beer stand. They left together. His two friends were in a Crosley and Robert followed them on his scooter. Charles Baker, the passenger in the Crosley, was looking back and watching Robert as he approached the rise, crossed the tracks, and hit the hole, which plaintiffs alleged was fifty or sixty feet south of the tracks. Baker was watching him because he knew that Robert did not know about the hole. The witnesses testified that Robert kept behind, but apace with the Crosley as it proceeded down West Avenue at forty miles per hour, but he slowed to twenty miles when he approached the rise and the railroad tracks. Baker was the only person who was actually watching Robert prior to and at the time Robert hit the hole.

 ▪ Plaintiffs urge that the trial court erroneously overruled an objection to the opinion testimony of a police officer with respect to the safe speed at which one could cross the railroad tracks. According

to the evidence, Robert was driving his scooter at a speed of fifteen or twenty miles an hour. City called an officer to testify and asked him what, in his opinion, was the reasonably safe speed for a motor scooter to cross the railroad tracks. City defended upon the plea that Robert was driving the scooter at an excessive speed and the jury so found. Plaintiffs objected to this opinion evidence because it was an invasion of the province of the jury and was not a subject for expert testimony. The witness answered that in his opinion, bearing in mind the condition of the street and the railroad tracks, that a reasonably safe speed would be about ten miles an hour. In effect, the witness was asked how he would answer the special issue which was later submitted to the jury with respect to speed. This is like asking the witness whether the plaintiff was negligent, and was error. Dallas Railway & Terminal Co. v. Bailey, 151 Tex. 359, 250 S.W.2d 379; Houston & T. C. R. Co. v. Roberts, 101 Tex 418, 108 S.W. 808; Barber v. Anderson, Tex.Civ.App., 127 S.W.2d 358; Houston & T. C. R. Co. v. Schuttee, Tex.Civ.App, 91 S.W. 806; Galveston H. & S. A. Ry. Co. v. English, Tex.Civ.App., 59 S.W. 626; Texas & Pacific R. Co. v. Lee, 21 Tex.Civ.App. 174, 51 S.W. 351. This error affected the contributory negligence issues only with respect to excessive speed. There were also findings of contributory negligence on failure to keep a proper lookout and failure to have the scooter under control. If either of those issues can stand, the error is harmless.

■ Baker was an important witness for the plaintiffs. After he testified on direct examination, City called Baker's attention to a written statement which he had previously signed. City then developed some prior statements which were inconsistent with his testimony in court. Plaintiffs objected to proof of these prior statements on the grounds that they were efforts to impeach the witness on collateral and immaterial matters.

Plaintiffs complain that City impeached Baker by showing that his oral testimony was different from the statement contained in his written statement, with respect to the condition of the shock absorbers on the scooter. In his oral testimony, Baker first stated on cross-examination, that he had checked the shock absorbers on the scooter many times before the accident, and "They were in good working order." Over objection, the court permitted City to prove that that the witness said in his written statement, "The shocks on Bobby's scooter were not so good. When you hit a hole with the shocks on Bobby's scooter, the front end of his scooter went down and would not come up like a scooter that had good shocks should." In our opinion, the evidence about the condition of the shock absorbers was not evidence on a collateral matter. City pleaded that the accident was proximately caused by a failure to have the shock absorbers in proper working order, and the court actually submitted such an issue to the jury. The jury found in favor of the plaintiffs that the shock absorbers were kept in proper working order. Instead of being a collateral matter, the evidence was admissible upon the very issue pleaded and submitted. Dooley v. Boiders, Tex.Civ.App., 128 S.W. 690, 692.

■ Plaintiffs' next point, that the witness Baker was impeached upon a collateral matter, concerns Baker's testimony about his own experiences in hitting the same chughole while driving a scooter. On direct examination Baker testified that he knew the chughole was there, and that each time he drove by it, he would avoid it. He testified that he had never hit the hole. This proved that Baker knew of the hole and avoided it, but that Robert did not know of it, and hence he hit it. On cross-examination, City again used the prior written statement to prove that witness Baker there stated, "I have a scooter and I have been over this location on my scooter. I have even hit the same chughole that Bobby hit with my scooter and I did not lose control of my scooter." Plaintiffs' real

**226**

objection was to the last clause of the statement with respect to control.

Again, in our opinion, the testimony was relevant to a matter in issue and was not impeachment on a collateral matter. One of City's pleaded defenses was that the shock absorbers were faulty. City on cross-examination was entitled to prove this by plaintiffs' witness Baker, if possible, and certainly to cross-examine him on the point. Through cross-examination of Baker, City was able to prove, as previously discussed, that when the scooter hit a hole, "the front end of his scooter went down and would not come up like a scooter that had good shocks should." It was City's theory that the scooter did not come out of the hole because of its faulty shock absorbers. Baker testified orally that Robert's shock absorbers "were not like mine." Baker's prior written statement that he had hit the same hole and that he did not lose control of his scooter is pertinent to City's claim and witness Baker's other statement that the scooter did not come out of the hole because of faulty shock absorbers. City by this proof undertook to show that Robert's scooter behaved in just the way Baker said it would when shock absorbers are faulty, and that Baker's scooter behaved in just the way Baker said it would when shock absorbers are not faulty.

A third alleged impeachment upon a collateral matter is that City was permitted to show that Baker in his prior written statement had stated that Robert had turned over on his scooter many times prior to this accident. Baker first testified on cross-examination that he had never seen Robert turn over on his scooter. When confronted with his prior statement, he stated, "I have seen him turn over on his scooter a number of times, but he has never been hurt in any of these accidents." Plaintiffs objected to this statement as impeachment upon a collateral matter, and the court overruled the objection without comment or instruction. Plaintiffs claim

that the answer is harmful. In our opinion, it is collateral to the accident in question, but we are not of the opinion that the one answer was so loaded with harm as to destroy the whole case, including the independent findings on Robert's failure to keep a proper lookout and his failure to have his scooter under control. Cloud v. Zellers, Tex., 309 S.W.2d 806.

We have examined appellants' other points that the findings have no support in the evidence and are so against the great weight and preponderance of the evidence as to be manifestly unjust, and find them without merit.

The judgment is affirmed.