**LILLIE SALES, INC., et al., Appellants,**

v.

**Betty Jo RIEGER et vir, Appellees.**

**No. 7926.**

Court of Civil Appeals of Texas.

Texarkana.

Feb. 4, 1969.

Rehearing Denied March 4, 1969.

Kenley, Boyland, Hawthorn & Starr, Longview, for appellants.

Grady Inzer, Longview, for appellees.

CHADICK, Chief Justice.

Early in the trial of this common law negligence action the subject matter of appellants' first point of error developed. A highway patrolman who investigated the collision in question, a moving truck striking the rear end of a stationary automobile at an intersection, was under direct examination when counsel for plaintiffs in the

trial court, appellees here, Betty Jo Rieger and husband, Harold Rieger, asked: "Did you issue a ticket of any kind as a result of your investigation?" Counsel for appellants, Lillie Sales, Inc., and Jimmie Dude Medford, the defendants in the trial court, objected. The court ruled: "I sustain the objection at the present time." Counsel for the plaintiff then asked: "Did you give Mrs. Rieger a ticket?" Objection was again made, the jury excluded from the court room, argument and evidence presented to the court, and upon reassembly the trial judge gave this instruction to the jury:

> "Now, just before adjournment a few moments ago, you will recall there was a question asked this witness about whether or not he gave a ticket out there at the time of the collision; I am going to instruct you not to give any consideration, pay no attention at all to the question asked, nor the answer or answers given, that's withdrawn from your consideration, you are not to consider that for any purpose whatsoever."

In the course of argument addressed by defendants' counsel to the trial judge, in the absence of the jury, counsel reminded the judge that prior to voir dire examination of the jury, defense counsel approached the Bench and advised the court that plaintiffs' counsel indicated that he intended to develop facts as to whether or not Jimmie Dude Medford, Lillie Sales Inc.'s truck driver, received a ticket for a traffic violation connected with the collision, and the disposition made of the ticket. Counsel was in process of stating his version of the judge's ruling when the judge broke in to explain his ruling in his own way by saying: "Told him it was not admissible on voir dire, but told him in substance, it could be on the trial of the case." Thereupon, counsel for Lillie Sales, Inc., and Medford produced the Company's general manager who testified that he sent driver Medford on his customary route the day Medford was to appear in court and answer to the traffic violation ticket, and that he, the

manager, entered a nolo contendere plea for Medford, paid a $16.50 fine and took a receipt therefor. The court receipt was identified as a defense exhibit but does not appear in the record. Counsel in his argument in the trial court and here states that the receipt showed a plea of nolo contendere was entered and the fine was assessed following such plea.

A party's voluntary admissions in one judicial proceeding are, as a general rule, admissible against him in another judicial proceeding to which he is a party. An accused's plea of guilty to an offense charged in a criminal case is admissible in evidence as an admission against interest in a subsequent civil case based on the same transaction. 24 Tex.Jur.2d Evidence, § 633. Under the previous ruling of the trial judge it was permissible for counsel for the plaintiffs to establish, if he could, that the driver of the truck had plead guilty to violating a traffic law, provided plaintiffs' pleadings alleged breach of such law as negligence proximately causing the collision. The record made does not show error in asking the question. However, there appears to be no legitimate reason for propounding the second question to the officer; that is, whether or not the officer gave Mrs. Rieger a traffic violation ticket. The failure of the driver to receive a ticket constitutes no proof of freedom from negligence. Lee v. Galbreath, 234 S.W.2d 91 (Tex.Civ.App. El Paso, 1950, no writ). The question was not answered, and the judge gave the jury instructions noted above. Considering the entire record, it does not appear that the harm in propounding the erroneous question was of such a nature as to cause the rendition of an improper judgment.

Appellants' second point of error is short and specific, viz:

> "The trial court erred in allowing the investigating officer to express an opinion as to safe speed."

Several questions concerning speed had been asked but no answer given when ob-

jection was made. Eventually the following testimony was actually admitted by the trial judge over defendants' objection, to-wit:

"Q. Well, some of the circumstances indicating that the speed should perhaps be below the maximum safe speed would be the condition of the roadway, is this correct?

A. Yes.

Q. Also, the amount of traffic on the roadway, such as intense traffic dictates that there should be a reduced amount of speed, than the normal maximum speed, the legal maximum speed, is this correct?

A. I would think so, yes."

Three times preceding the quoted questions and answers the officer was permitted to state without objection that the posted maximum speed limit of 60 miles per hour at the scene of the collision was "considered a maximum safe speed at which a person can travel under ideal circumstances".

An analysis of the testimony admitted does not reveal that the witness expressed an opinion as to a safe speed for the truck at the time and under the circumstances prevailing at the site of the collision. The more difficult question is whether or not the admitted evidence implied the witness' conclusion that it was unsafe for the truck to run at maximum legal speed on the pertinent occasion. The apparent position of the appellants is that the officer was expressing an opinion that the truck driver should have operated at a speed under the maximum allowed by law. The simple words of the statement are clear, the witness did not express the attributed conclusion, nor necessarily imply it. The witness did not testify, or attempt to do so, that existing highway conditions or traffic density on the occasion in question required the truck driver to operate at a speed under the legal maximum. What he did agree to was an abstract generalization put to him by plaintiffs' counsel that the condition of the highway and the density of traffic had an influence on safe speed limits, and that these factors, when present, would require a safe driver to move at a speed less than the limit set by law. The witness was testifying as an expert, but the record does not show his knowledge of these abstract matters to be superior to the common knowledge of the jury. In other words, the jury needed no aid from an expert on such matters, and his answers were superfluous.

When it is ascertained that admission of the witness' answers was erroneous, the question of probable harm must be determined. It would be illogical and unrealistic to conclude that the abstractions agreed to by the witness in the course of his testimony was prejudicial and harmful to the defendant and acknowledge at the same time that the jury was independently in possession of the same common knowledge and empowered and expected to act upon it. Considering the entire record, reversible error is not shown. For the reasons discussed, Chronister v. City of San Antonio, 337 S.W.2d 223 (Tex.Civ.App. San Antonio, 1960, writ ref'd, n. r. e.) and El Paso Electric Co. v. Buck, 143 S.W.2d 438 (Tex.Civ.App. El Paso, 1940, writ dism'd, judg. cor.); Dallas Railway & Terminal Co. v. Bailey, 250 S.W.2d 379 (Tex. 1952); Griggs Furniture Co. v. Bufkin, 348 S.W.2d 867 (Tex.Civ.App., Amarillo, 1961, writ ref'd, n. r. e.), and Byrd v. Trevino-Bermea, 366 S.W.2d 632 (Tex. Civ.App. Austin, 1963, n. r. e.) are distinguishable and are not applied.

The fourth point briefed by the appellant is as follows, to-wit:

"The trial court erred in not granting a new trial because two jurors concealed material information in answer to questions on voir dire examination."

The point will be overruled for the reason that the trial court impliedly found that the prospective jurors did not conceal material information. An issue of fact was developed by testimony at a hearing on the question and resolved by the trial court when the

motion for new trial was denied. Mrs. Ray S＿＿＿ was selected as a juror in the case. Mrs. S. testified that on voir dire examination she held up her hand when counsel for the plaintiff asked if any member of the jury panel had been "involved in a collision". At the hearing on the motion for new trial the following was produced:

"Q. And, I believe that the collision occurred when the car in which you were riding was struck from the rear by another automobile?

A. That's right.

Q. And, as a result of that accident you received an injury to your back, did you not?

A. The doctor said I did, but I never did believe I did.

＊ ＊ ＊ ＊ ＊ ＊

Q. Now, then, Mrs. Sauerenmann, it is true, is it not, that when we were asking you questions here, before you were selected on the Jury, you did not tell us about being involved in this accident over in Shreveport and being in the hospital, did you?

A. You didn't ask me that direct question. ＊ ＊ ＊"

■ From this evidence the trial judge might conclude, as he impliedly did, that Mrs. S. did not conceal from appellants' counsel the fact that she had been in an automobile collision. If the trial judge concluded from her testimony that she was uninjured, there was no injury to be concealed. Other testimony produced would support a conclusion that Mrs. S. was injured, but the trial judge's finding binds the appellate courts. Liberty Cab Co. v. Green, 262 S.W.2d 522 (Tex.Civ.App. Beaumont, 1953, writ ref'd, n. r. e.); McCarthy Oil & Gas Corp. v. Cunningham, 255 S.W. 2d 368 (Tex.Civ.App. Galveston, 1953, writ ref'd, n. r. e.).

■ During voir dire examination of the jury panel, counsel for appellants asked as a general question if any prospective juror or a member of any such juror's family had been a patient of Dr. George Tate. The members of the panel occupied four rows of seats near the front of the court room, and without repeating the question, counsel asked the jurors seated in each row to respond as he addressed the particular row. Murray P＿＿＿, seated in the third row and later selected as a juror, gave no indication that his wife had been the doctor's patient something like a year before trial time. He testified that he had a vague recollection of appellants' counsel asking a question of the nature indicated, but didn't understand it to apply to him. He wasn't certain he heard the question at all due to court room distractions and noises. He understood counsel to be inquiring if any panel member was currently under such doctor's treatment. Again the evidence makes a fact issue and the trial judge settled it adversely to the appellants. See authority listed next above. In Liberty Cab Co. v. Green, supra, it is said:

"It is only where a partial, biased or prejudiced juror was selected without fault or lack of diligence on the part of counsel acting in good faith upon the responses of the juror on the voir dire that there is ground for a new trial. The requisites of such a showing are: (1) that the complainant sufficiently examined the juror touching his qualifications; (2) that the complainant was misled by the silence of the juror on a collective examination or by his answers when individually examined. 26 Tex.Jur. 776 and cases cited. ＊ ＊ ＊"

The record contains nothing tending to show the juror was partial, biased or prejudiced, or that harm probably resulted to appellants by his failure to disclose that his wife had on occasion been a patient of the doctor.

All of the appellants' points of error have been carefully examined and no error requiring a reversal is found. Accordingly, the judgment of the trial court is affirmed.