### McKENZIE v. IMPERIAL IRR. CO.
### (No. 322.)

(Court of Civil Appeals of Texas. El Paso. April 2, 1914. Rehearing Denied May 7, 1914.)

1. EVIDENCE (§ 341*) — RECORDS — COPIES OF ARTICLES OF INCORPORATION — ADMISSIBILITY.

Articles of incorporation, under Rev. St. 1911, art. 5002, may be proved as authorized by article 3707, by a copy certified by the secretary of state, and article 3700, prescribing that, when recorded, instruments may be admitted in evidence without proof, has no application.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1289–1292; Dec. Dig. § 341.*]

2. EMINENT DOMAIN (§ 169*) — IRRIGATION COMPANIES — PROCEEDINGS TO CONDEMN LAND.

The right of an irrigation corporation to condemn land under Rev. St. 1911, art. 5004, for a right of way is not dependent on the filing of a water appropriation under articles 4996, 4998, and in proceedings to condemn it is not error to exclude a certified copy of a water appropriation made by the corporation.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 461; Dec. Dig. § 169.*]

3. APPEAL AND ERROR (§ 1050*)—ERRONEOUS ADMISSION OF EVIDENCE—HARMLESS ERROR.

Error in admitting evidence is not reversible, where it is apparent that it could not have had any effect on any issue in the case.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. § 1050.*]

4. APPEAL AND ERROR (§ 215*)—QUESTIONS REVIEWABLE—INSTRUCTIONS—OBJECTIONS.

Under Rev. St. 1911, art. 1971, as amended by Acts 33d Leg. c. 59, providing that objections to the charge shall be presented to the court before the charge is read to the jury, and all objections not so made shall be waived, any error in a charge is waived, where no objection was presented to the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1309–1314; Dec. Dig. § 215.*]

5. TRIAL (§ 406*)—FUNDAMENTAL ERROR—OBJECTIONS—WAIVER.

A fundamental error may be waived, unless it is of such a nature as to render the judgment void.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 968; Dec. Dig. § 406.*]

6. TRIAL (§ 192*) — INSTRUCTIONS — ASSUMPTION OF FACT.

Where, in proceedings by an irrigation corporation to condemn land for a right of way, the indorsement of the county judge showed that the petition was presented to him on April 18, 1910, and commissioners appointed on that date made a report dated May 5th following, and the parol testimony showed that the petition was presented in the year 1910, the court properly assumed in its charge that the proceedings were instituted April 18, 1910, though the file mark of the clerk showed that the petition was filed April 19, 1909, for, under the evidence, the clerk's file mark was a clerical error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 432–434; Dec. Dig. § 192.*]

7. EMINENT DOMAIN (§ 196*)—RIGHT TO CONDEMN—FAILURE TO AGREE WITH OWNER—EVIDENCE.

The testimony of the agent of a corporation, seeking to condemn land for a right of way, that he had asked the owner what he would settle for, and that the owner asked such a price that it was impossible to agree to it, and that no agreement as to price was made, showed an effort by the company to reach an agreement, entitling it to condemn.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 529–534; Dec. Dig. § 196.*]

Appeal from Pecos County Court; R. D. Wright, Special Judge.

Proceedings by the Imperial Irrigation Company against T. N. McKenzie to condemn land for a right of way. From a judgment awarding compensation, T. N. McKenzie appeals. Affirmed.

W. A. Hadden, of Ft. Stockton, and J. F. Woodson, of El Paso, for appellant. J. R. Hill and W. C. Jackson, both of Ft. Stockton, for appellee.

HIGGINS, J. This was a proceeding instituted by the appellee to condemn for right of way purposes certain real estate owned by the appellant. Commissioners were appointed by the county judge, and from their assessment of damages an appeal was taken to the county court, and from the award of damages there made this appeal is prosecuted.

Appellee is incorporated under the provisions of article 5002, Revised Statutes of 1911, providing for the incorporation of irrigation companies, and upon trial a copy of its articles of incorporation, certified to under the hand and seal of the secretary of state, was admitted in evidence.

[1] Error is assigned to the admission of this copy, upon the grounds that it had not been filed among the papers of the case three days before the commencement of the trial and notice of such filing given to appellee. The original articles of incorporation are on file and of record in the office of the secretary of state, and the articles of incorporation of a corporation incorporated under the provisions of article 5002 may be proven by properly certified copy from that department. Article 3707, R. S. Article 3700 has no application whatever.

[2] Upon the trial, appellee also offered in evidence a certified copy from the office of the county clerk of Pecos county of a water appropriation made by it. Error is also assigned to the admission of this copy, for the reason that it had not been filed among the papers of the cause and notice of its filing given, as required by article 3700.

Article 5004 grants to corporations formed for the purpose of irrigation, mining, milling, and construction of waterworks the right to acquire a right of way over private lands by condemnation, by causing the damages for any private property so appropriated to be assessed and paid for, as provided in cases of railroads. An irrigation company's right to condemn is in no wise dependent upon the filing of a water appropriation, under the provisions of articles 4996 and 4998. These two last-mentioned articles relate merely to the appropriation of water. The act of appropriation evidenced by the instrument objected to being entirely foreign to the right of condemnation, the error, if any, in its admission, was wholly harmless.

[3] The erroneous admission of evidence is not ground for reversal, where it is apparent that it could not have had any effect upon any issue involved.

[4] Upon the trial, the court gave the following charge upon the measure of damage: "And in estimating the damages, if any, to

the remainder of plaintiff's two sections of land, after eliminating the said right of way strip, the measure is the difference, if any, between the actual cash market value thereof immediately before and immediately after *the condemnation proceedings;* but, if you find from the evidence that the remaining portion had no market value, then the measure would be the difference between the cash intrinsic value for the purpose for which it is adapted immediately before and immediately after *the condemnation proceedings.*"

No error was assigned in the lower court to this portion of the court's charge, but it is here contended that it requires a reversal, since it is fundamental in its nature, or at least an error apparent on the face of the record of such a character that this court is authorized to, and should, reverse without an assignment. Under the view which we take of the matter, it is immaterial whether the error was of this nature or not.

The cause was tried on August 22, 1913. Upon that date the provisions of chapter 59, Acts of 1913, Regular Session, p. 113, were effective. Thereby article 1971, Revised Statutes, was amended so as to read as follows: "Art. 1971. The charge shall be in writing and signed by the judge; after the evidence has been concluded the charge shall be submitted to the respective parties or their attorneys for inspection and a reasonable time given them in which to examine it and present objections thereto, which objections shall in every instance be presented to the court before the charge is read to the jury, and all objections not so made and presented shall be considered as waived."

No objection to the charge upon the measure of damage was presented to the lower court, and, by virtue of amended article 1971, it must be held that the error complained of was waived.

[5] It is an established rule of practice that fundamental error will be considered, though not assigned, in the lower court, but this is a mere rule of appellate practice, in no wise related to the question here considered. A fundamental error may be waived, unless it be of such a nature as to render the judgment absolutely void; for example, an error respecting jurisdiction over the subject-matter.

[6] Error is next and last assigned to the action of the court in peremptorily instructing the jury that the condemnation proceedings were instituted on April 18, 1910. Article 6506 provides that, if the parties cannot agree upon the damages, the company shall file its petition for condemnation with the county judge, who, upon the filing thereof, shall appoint commissioners to assess the damages. The petition in this case bears the following indorsement: "Filed April 19th, 1909, Frank Rooney, Co. Clk. Pecos Co., Texas, by Geo. C. Haseltine, Deputy."

The indorsement of the county judge shows that the petition was presented to him on April 18, 1910, and commissioners appointed upon that date. The report of the commissioners is dated May 5, 1910. The testimony of Judge W. C. Jackson, the attorney for appellees, discloses that he presented the petition to the county judge in the year 1910. Haseltine testified that he had no independent recollection of the filing by him of the petition. Judge Williams testified to an effort made by him, as the representative of the company, to reach an agreement with McKenzie respecting his damages in March, 1910. Appellant, McKenzie, in effect, testified that the condemnation proceedings were instituted after the filing of an injunction suit by him against appellee in the district court of Pecos county on March 4, 1910. Appellant urges that the file mark raises an issue as to whether condemnation proceedings were instituted in 1909 or 1910, and, since a prior failure to reach an agreement with reference to damage is essential to the right to condemn, the trial court erred in assuming and peremptorily instructing that the proceedings were instituted on April 18, 1910. The law seems to contemplate that all of the papers in the original proceedings before the commissioners should be filed direct with the county judge, rather than in the office of county clerk, making same a record of the judge's office, rather than of the county clerk. Articles 6506, 6507, 6508, 6522, and 6527. So it may be doubted whether the file mark had any probative force whatever, but, conceding to it the probative force ordinarily accorded an official certificate, still the evidence noted shows beyond question that the indorsement of the year 1909, instead of 1910, was a mere clerical error. No two reasonable minds could differ upon this subject; especially so in view of the fact that there is no evidence in this record, other than the certificate, in any wise tending to show that the proceedings were originally instituted in 1909, instead of 1910. In this state of the record, the trial court committed no error in assuming, as a fact, that the proceedings were instituted April 18, 1910, by presenting the petition to the county judge.

[7] As to the suggestion of appellant that an effort to reach an agreement respecting the damages is a prerequisite to the right to condemn, and that the evidence fails to show such an effort to have been made, it is necessary only to call attention to the testimony of Judge Williams, the agent of the company: "That in March, 1910, he asked appellant what he was willing to settle the matter for, and McKenzie asked such a price that it was impossible for him to agree to same; that it was impossible to do so; that they never came to any agreement." This testimony of Williams was undisputed, and

establishes that an effort to settle was made in March, 1910.

Associate Justice McKENZIE was disqualified, and did not sit in this case.

Affirmed.