LOEB v. TEXAS & N. O. R. Co.   (No. 33.)*

(Court of Civil Appeals of Texas. Beaumont. March 21, 1916. On Motion for Rehearing, May 25, 1916.)

1. APPEAL AND ERROR ⚓263(1)—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—BILLS OF EXCEPTION—NECESSITY.

Under Rev. St. 1911, arts. 2058–2060, and art. 2061, as amended by Acts 33d Leg. c. 59, § 3 (Vernon's Sayles' Ann. Civ. St. 1914, art. 2061), declaring that when either party is dissatisfied with any ruling he may except thereto, and that rulings in the giving, refusing, or qualifying of instructions shall be deemed approved unless excepted to, assignments of error complaining of instructions given, cannot be considered where, though plaintiff in error filed elaborate written objections to the instructions when they were submitted in accordance with article 1971, Vernon's Sayles' Ann. Civ. St. 1914, no bills of exceptions were taken.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516, 1520, 1522, 1523, 1525, 1529–1532; Dec. Dig. ⚓263(1).]

2. APPEAL AND ERROR ⚓263(3)—REVIEW—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW.

Assignments of error, complaining of the refusal of requested charges, cannot be reviewed, where no bills of exception were taken.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1518, 1525; Dec. Dig. ⚓263(3).]

3. EXCEPTIONS, BILL OF ⚓39(2)—FILING—TIME OF.

While under Acts 32d Leg. c. 119, § 7 (Vernon's Sayles' Ann. Civ. St. 1914, art. 2073), fixing the time for filing the transcript, statements of fact and bills of exception, the transcript and statements of fact may be filed at any time within 90 days after the adjournment of the district court, bills of exception must be filed within the time fixed by the court, and cannot be filed thereafter, though it be within 90 days after adjournment; the statute not providing that bills of exception may then be filed.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. §§ 55, 56; Dec. Dig. ⚓39(2).]

On Motion for Rehearing.

4. APPEAL AND ERROR ⚓263(1)—ERRORS REVIEWABLE—FUNDAMENTAL ERRORS.

Where not presented by bills of exception, errors in the charge, though they be fundamental, cannot, under Acts 33d Leg. c. 59, § 3 (Vernon's Sayles' Ann. Civ. St. 1914, art. 2061), be considered on appeal unless jurisdictional; the statute specifically requiring bills of exception.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516, 1520, 1522, 1523, 1525, 1529–1532; Dec. Dig. ⚓263(1).]

Error from District Court, Nacogdoches County; L. D. Guinn, Judge.

Action by Herman Loeb against the Texas & New Orleans Railroad Company. There

---

was a judgment for defendant, and plaintiff brings error. Affirmed.

John S. Patterson, of Austin, Wm. Thompson, of Dallas, and Blount & Strong and June C. Harris, all of Nacogdoches, for plaintiff in error. Baker, Botts, Parker & Garwood and John T. Garrison, all of Houston, and S. M. King, of Nacogdoches, for defendant in error.

CONLEY, C. J. This suit was instituted by the plaintiff in error, Herman Loeb, against defendant in error, Texas & New Orleans Railroad Company, to recover $25,135.-91 as damages to 614 bales of cotton alleged to have been destroyed on March 29, 1909, on the compress platform in Nacogdoches, Tex., together with interest thereon, through the negligence of the railroad company. The defendant in error entered general and special exceptions to the plaintiff's pleadings, and especially denied all of the acts of negligence alleged, and specially denied that said cotton was burned by the defendant, and pleaded that the plaintiff was guilty of contributory negligence, which was the proximate cause of the injury and damage done to the cotton, in that plaintiff permitted said cotton to be and remain upon the compress platform without any covering; that the shed of the compress was old and worn; that loose lint cotton was permitted to be handled around and about said compress; that he permitted grease to accumulate about the compress; that the compress was not provided with a watchman or with water, etc., all of which caused and contributed to the loss. Plaintiff in error filed a supplemental petition, and specifically denied all allegations of contributory negligence. The case was, by the court, submitted to the jury on special issues, which were answered by the jury in favor of the defendant in error, and, upon motion duly made, judgment was then rendered accordingly. Writ of error was duly perfected from said judgment to this court, and the case is now here for review.

[1] In plaintiff in error's first assignment of error he contends that the court erred in the form and manner in which it submitted to the jury special issue No. 1, and more particularly in the form and manner in which it instructed the jury as to the law by which they should be governed in answering said special issue No. 1, said special issue No. 1 and the law applicable thereto, as submitted by the court, being as follows, to wit:

"Did the defendant, Texas & New Orleans Railroad Company's engine No. 641 set out the fire which burned the plaintiff's cotton in the compress? Answer this question 'Yes' or 'No.'

"In passing on and answering the above special issue, you are instructed that the burden of proof is on the plaintiff to establish by a preponderance of the evidence that the fire was set out by defendant's engine No. 641, and unless the plaintiff has established said fact to your satisfaction, by a preponderance of the evidence, you will answer said special issue No. 1, 'No.'

"Should you answer special issue No. 1, 'No,' you need not answer the hereinafter special issues at all, but should you answer special issue No. 1, 'Yes,' then you will answer further, and answer the hereinafter special issues." ·

Defendant in error objects to the consideration of this assignment, for the reason that no bill of exceptions was taken in the lower court by plaintiff in error to said charge. An examination of the record discloses that after the court had prepared its main charge, which contained the objectionable feature complained of, said charge was submitted to counsel for plaintiff in error for inspection and examination, in accordance with article 1971, Vernon's Sayles' Civil Statutes; that counsel thereupon presented elaborate written objections to the said charge, setting up 14 different exceptions thereto, among which is found the objection covered by this assignment. These objections, after being signed by counsel for plaintiff in error, were presented to the court, and, as shown by the record, have noted thereon, at the bottom, the following words:

"Noted: These exceptions were presented to me before the main charge was read to the jury.
"L. D. Guinn, Judge Presiding."

This is all the information which the record contains, affecting this matter. There is no affirmative judgment overruling the exceptions or objections thus filed, nor is there any notation of an exception to such rulings of the court on the part of counsel for plaintiff in error, nor is there any bill of exception in the record to such ruling. To ascertain how many of the exceptions to the main charge were sustained by the court, or how many were overruled, or whether or not the main charge was modified in any way, in accordance with the exceptions, and the objections thus filed, it will be necessary for us to check the 14 stated exceptions, and to also refer to the special charges requested by the plaintiff in error, and which were by the court refused, and by this process of elimination to eventually arrive at what was actually done by the court with these exceptions. After this task had been accomplished, were we inclined to enter into it, we are still in the dark as to whether the action of the court was approved or disapproved by counsel, except in so far as we can determine that matter by ex parte statements in the briefs and by comparison of the main charge with the special requested instructions refused. On the question of the necessity of reserving bills of exception to the action of the court in giving or refusing charges, it was said in the case of Railway Co. v. Wadsack, 166 S. W. 43:

"The thirty-third Legislature adopted some radical amendments to our practice statutes. Article 1971 of the Revised Civil Statutes was amended so as to read as follows: 'The charge shall be in writing and signed by the judge; after the evidence has been concluded the charge shall be submitted to the respective parties or their attorneys for inspection and a reasonable time given them in which to examine it and to present objections thereto, which objections

shall in every instance be presented to the court before the charge is read to the jury, and all objections not so made and presented shall be considered as waived.' Acts of 1913, page 113. * * * The act above referred to also contains the following as an amendment to article 2061 of the Revised Civil Statutes of 1911: 'The ruling of the court in the giving, refusing or qualifying of instructions to the jury shall be regarded as approved unless excepted to as provided in the foregoing article.'

"This article is a part of chapter 19, tit. 37. It evidently refers to the articles which precede it in that chapter, articles 2058, 2059, and 2060. Those articles are as follows:

" 'Art. 2058. Whenever in the progress of a cause either party is dissatisfied with any ruling, opinion or other action of the court, he may except thereto at the time the same is made, or announced, and at his request time shall be given to embody such exception in a written bill.

" 'Art. 2059. No particular form of words shall be required in a bill of exceptions; but the objection to the ruling or action of the court shall be stated with such circumstances, or so much of the evidence as may be necessary to explain it, and no more, and the whole as briefly as possible.

" 'Art. 2060. Where the statement of facts contains all the evidence requisite to explain the bill of exceptions, it shall not be necessary to set out such evidence in the bill of exceptions; but it shall be sufficient to refer to the same as it appears in the statement of facts.'

"It was the manifest purpose of the Legislature, in adopting these different amendments, to so reform the practice in our judicial procedure as to reduce the number of reversals on appeal for purely technical errors. Heretofore the ruling of the court in giving and refusing charges was regarded as excepted to in every instance, without any express reservations by bill or otherwise. The effect of the amendment to article 2061 is to place the rulings of the court in giving or refusing charges in the same category with other rulings not appearing of record as to the formalities required for their consideration on appeal. Appellate courts can now no more review the action of the trial court in giving or refusing charges than they can the rulings admitting or excluding testimony without proper bills of exception. It also follows that bills of exception relating to the giving or refusing of charges must conform to the requirements provided by statute for bills of exception generally. * * * Under the new statute, or the amendment to the old, when an objection to the charge is called to the attention of the trial judge before he delivers his instructions to the jury, he is required to make a ruling. He must either sustain the objection in whole or in part, and modify his charge accordingly, or he must overrule the objection, and read his charge to the jury as prepared, notwithstanding such objection. It is this ruling which the appellate court is to review, and which, like rulings on the admission and exclusion of testimony, must be considered with reference to the particular objections urged at the time. No other objection, however tenable, can be now considered, if the statute is obeyed. * * * Article 2058 says that: 'Either party dissatisfied with any ruling, opinion, or other action of the court, must except thereto at the time same is made, or announced, and at his request time shall be given to embody such exception in a written bill.' When we consider in the same connection article 2061 as amended and appearing in the same chapter, there will be little room for the contention that a bill of exceptions in the ordinary form could be dispensed with. * * * To say that it [the charge] thereby becomes subject to revision for any errors urged for the first time on appeal, or in the motion for a new trial, is to annul a material provision of the new act, which says that all objections not presented to the trial judge before the charge is read to the jury shall be considered as waived. How, then, shall the appellate court be advised of the ruling on the objection presented, or that any such ruling was in fact made, if not by a bill of exception or some form of certificate by the trial judge? Such a ruling does not otherwise appear of record, and, unless presented in some authentic manner, cannot be considered."

This case so completely covers the cause now under consideration that it is decisive of the point. We have but one duty to perform, and that is to observe the law as it is written, and to confine our deliberations in the review of cases to those errors which are presented in accordance with its requirements. The objection to our consideration of this assignment is well taken, and it is sustained.

[2] The third assignment of error is based upon the refusal of the court to give plaintiff in error's special requested charge No. 2, which special charge is as follows:

"Gentlemen of the Jury: Did the fire which damaged and destroyed plaintiff's cotton, on the 29th of March, 1909, on the compress platform in Nacogdoches, Tex., originate from defendant's engine No. 641? In answering the above question, you are instructed that the burden of proof is on the plaintiff to establish this issue by a preponderance of the evidence. Unless he has done so, he cannot recover.

"By preponderance of the evidence is meant that the evidence, after a consideration of all of the evidence, is, in the judgment of the jurors, entitled to the greatest weight.

"You are the exclusive judges of the facts proven, of the credibility of the witnesses, and of the weight to be given their testimony, but you are bound to take the law from the court, which is hereby given you, and in the special charges, and be governed thereby. You should answer the above question 'Yes' or 'No.' "

Inasmuch as there is no bill of exception in the record to the action of the court in refusing to give said charge, we are not permitted, as hereinbefore stated, to review the same. National Novelty Import Co. v. Griffin et al., 168 S. W. 85; Railway Co. v. Wadsack, 166 S. W. 42; Railway Co. v. Fogleman, 172 S. W. 558; Capps v. Johnson, 174 S. W. 294.

Plaintiff in error's second assignment is an attack upon the court's main charge in submitting special issue No. 1, more specifically set out under the first assignment of error. What we have said about the first and third assignments of error disposes of this assignment, and it is therefore not considered.

[3] Assignments of error Nos. 4, 5, 6, 7, 8, and 9 attack the rulings of the court in the admission of certain evidence complained about. Defendant in error excepts to the consideration of these assignments, among other reasons, because no bills of exception were taken to the evidence complained about, and filed within the time prescribed by law. An examination of the record shows that, at the time the evidence in the trial of the case complained about was offered, objection was urged thereto by the plaintiff in error, and exception noted to the rulings of the court in permitting such evidence to go to the jury.

The record further shows that when the motion for new trial was overruled, the court entered the following order, fixing the time in which statement of facts and bills of exception should be prepared and filed by plaintiff in error:

"To which action of the court in overruling said motion for a new trial, the plaintiff, in open court excepted, and gave notice of appeal to the Court of Civil Appeals for the First Supreme Judicial District of Texas, at Galveston, Tex., and 90 days is hereby granted and allowed to plaintiff within which to prepare and file statement of facts and bills of exception."

This order bears date of 17th day of March, 1914. The court adjourned on March 26, 1914. The bills of exception covering the court's rulings to the admissions of evidence complained of, as disclosed by the record, were not filed and approved by the court until the 24th day of June, 1914, 99 days after the entry of the order aforesaid, and 9 days subsequent to the time fixed and allowed by said order. Acts 32d Leg. c. 119, § 7, providing and fixing the time for filing the transcript and bills of exception, authorizes the transcript to be filed any time within 90 days from the adjournment of the court, but this statute does not make the same provision as to bills of exception, which are still under the law to be filed within time of extension, as fixed by the order of the court. In the case of Unknown Heirs of Criswell v. Robbins, 152 S. W. 210, discussing this matter, the court says:

"All that has been said about the extension of time has been with a view to the bills of exceptions which are embodied in the statement of facts, for under the provisions of Acts 32d Leg. c. 119, § 7, it is provided 'that any statement of facts filed before the time for filing the transcript in the appellate court expires shall be considered as having been filed within time allowed by law for filing the same.' What purpose the Legislature had in view in passing such a clause, which practically sets aside all of the other provisions as to the time in which statements of fact shall be filed and renders the question of extension a mere abstraction, is utterly inconceivable. But there it is, and under its provisions the statement of facts, although filed beyond the time legally given by the court, must be held to have been filed in time. But that provision did not lend any aid to the bills of exception embodied in the statement of facts, because they are not mentioned in the sweeping provision as to statements of facts. The bill of exceptions is still under the law as to extensions of time, as is apparent from the language of the law of 1911, which was in effect when this cause was tried on June 15, 1911. It follows that; although under the law of 1911 we are compelled to consider the statement of facts, the bills of exceptions cannot be considered because filed out of time."

The statute here discussed by the court in reference to the filing of bills of exception has, in no manner, been changed or modified since the rendition of that decision, and what has there been said applies with equal force at the present time. The bills of exception, not having been filed within time provided by law, this court cannot consider them.

The judgment of the lower court is affirmed; and it is so ordered.

### On Motion for Rehearing.

[4] In his motion for rehearing plaintiff in error contends that the error complained of under the several assignments of error, affecting the court's charge, and which we refused to consider, is fundamental in its nature, and apparent upon the record, and should therefore be considered without bills of exception or assignments of error. The statute of 1913 relating to the manner of preserving exceptions to the court's charge for review in this court is mandatory. Under that act, errors in the charge, whether fundamental or otherwise (unless they are jurisdictional in their nature or for some other reason render the judgment void), are waived and approved, unless excepted to in the manner prescribed. Needham v. Cooney, 173 S. W. 985; McKenzie v. Imperial Irr. Co., 166 S. W. 495.

The motion for rehearing is overruled.