## Louisville & Interurban Railroad Company v. Frazee.

(Decided February 26, 1918.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Second Division).

1. Damages—Pleading—Issues—Proof and Variance.—In a personal injury action where plaintiff alleged that she was cut and bruised on the side of her head and bruised and injured about and over her body generally and received a great shock to her nervous system from which injuries she suffers and would continue to suffer great mental and physical pain, evidence of a skin eruption attributable to the nervous shock was admissible as an external symptom tending to show the effect and extent of the shock, especially in view of the fact that depositions concerning the skin eruption were taken several months before the trial and defendant could not complain of such testimony on the ground of surprise.

2. Damages—Personal Injuries—Evidence.—Where in a personal injury action plaintiff claimed that a skin eruption was due to a nervous shock which she received, evidence that there was no blood taint in the family was admissible for the purpose of showing that such condition was attributable to some other cause.

3. Trial—Instructions—Request—Necessity.—Where in a personal injury action against two joint tort feasors, a given instruction authorizing a joint finding against both defendants on a separate finding against each was correct as far as it went, one of the defendants could not in the absence of a request therefor, complain of the court's failure to give a more specific instruction apportioning the damages on the basis of each defendant's participation in the wrong.

4. Damages—Assessment—Pleading and Proof.—The admission of evidence of the amount plaintiff was obliged to pay for physician's services in treating him for alleged injuries is not error, though the reasonableness of the charges was not pleaded.

5. Damages—Special Damages—Pleading—Sufficiency.—While special damages such as expenses incurred for physicians, nurses, etc., must be pleaded, the rule is satisfied where the pleading is sufficient to apprise the defendant of the character and extent of the damages claimed.

6. Damages—Special Damages—Reasonableness of the Charges—Evidence—Sufficiency.—In a personal injury action where it was sought to recover special damages such as expenses incurred for physicians, nurses, medical supplies, traveling, etc., evidence of the character and extent of the services rendered, of the amount of medical supplies required, and the circumstances under which the traveling expenses were incurred coupled with the further proof that they were all necessary and that the bills therefor had actually been paid, was sufficient to make out a prima facia case that the charges were reasonable.

7.   Damages—Special Damages—Expenses for Physicians, Nurses, etc.—Reasonableness of the Charges—Instructions.—Where in a personal injury action plaintiff sought a recovery of special damages such as expenses incurred for physicians, nurses, traveling, etc., plaintiff's proof was sufficient to make out a prima facie case that the charges were reasonable, and there was no evidence to the contrary, no issue as to the reasonableness of the charges was presented, and the court did not err in authorizing a recovery to the extent of the bills paid if the jury believed it was necessary for plaintiff to incur such expenses, without submitting to the jury the question whether such charges were reasonable.

ALFRED SELLIGMAN, HUSTON QUINN and STRAUS, LEE & KREIGER for appellant.

EDWARDS, OGDEN & PEAK for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This is a personal injury action in which plaintiff, Martha Frazee, recovered of the defendant, Louisville & Interurban Railroad Company, damages in the sum of $5,500.00, and of its co-defendant, Charles Schneidtmiller, damages in the sum of $500.00. The damages were apportioned as follows: For mental and physical suffering, $3,480.73; for medical and surgical treatment, $945.50; for nurse hire, $215.00; for traveling expenses, $151.48; for cottage at Nantucket, $250.00; for infirmary expenses, $772.73; for drugs and medicines, $184.56. Only the Louisville and Interurban Railroad Company appeals.

The accident happened on July 2, 1914. Plaintiff was standing in a small waiting room located five or six miles from the city of Louisville and near the intersection of the company's right of way and the Blankenbaker road. It was her purpose to take an inbound car to the city. At that time an automobile truck belonging to Charles Schneidtmiller and driven by his son, collided with the street car going east. The truck struck the waiting room and plaintiff was knocked a distance of ten or fifteen feet. She received a scalp wound and several bruises on her arms and limbs. She was confined to her bed for about ten days and for part of the time during the next two weeks. From that time on, she began to lose flesh and grow very nervous. She felt very bad and would cry most all the time. A few weeks later, she developed weeping eczema. Her whole body became inflamed and

she suffered intensely. For a while she remained in Louisville and was treated by Drs. Koehler, Bloom and Solomon, and blood tests were made by Drs. Baldauf and Allen. Her condition gradually grew worse and in the month of February she was taken to an infirmary in Boston where she was treated by several physicians, including Drs. Coffin and Fawcett. After remaining in Boston for several weeks, she was taken to Nantucket where a cottage was rented for her and her family for the summer months. She remained at Nantucket until the following September, when she returned to her home in Louisville. Her condition was such that it was necessary for her to travel on a stretcher. At the time of the trial in June, 1916, her skin trouble had practically disappeared and her health was beginning to improve. According to Drs. Koehler and Solomon of Louisville, and Drs. Coffin and Fawcett of Boston, the diseased condition of her skin was attributed to the nervous shock which she received in the accident. According to Drs. Bloom, Marshall and Ravitch, the skin trouble was not caused by the accident.

Among the grounds urged for a reversal is, that the averments of the petition with respect to plaintiff's injuries were not sufficient to authorize proof of the skin eruption and to support a finding of damages on that account. The allegations of the petition are as follows:

"The plaintiff was struck, bruised and injured by parts of said automobile and station striking her and she was thrown upon the ground with force and violence; she was cut and bruised on the side of her head and bruised and injured about and over her body generally and at said time received a great shock to her nervous system and from said injuries she suffered and will continue to suffer great mental and physical pain and anguish; her injuries are permanent and her power to earn money has been permanently impaired to her great damage in the sum of twenty-five thousand dollars."

Having pleaded a shock to her nervous system and her consequent suffering therefrom, we conclude that evidence of the skin eruption was admissible as an external symptom tending to show the effect and extent of the nervous shock, Louisville Rwy. Co. v. Gaugh, 133 Ky. 473, 118 S. W. 276, especially in view of the fact that depositions concerning the skin eruption were taken several months

before the trial and defendant could not complain of such testimony on the ground of surprise.

Another ground urged for a reversal is that the court improperly permitted the mother of plaintiff to testify that there was no blood taint in the family. Since the burden was on plaintiff to show that the skin eruption resulted from the accident, evidence that such condition was not attributable to some other cause was clearly admissible. Instruction No. 5 is as follows:

"If you find for the plaintiff you will state in your verdict which defendant you find against or whether you find against both defendants, and in awarding damages, if you find for the plaintiff, you may award a common sum against both the defendants, or you may award a different sum against the defendant, Railroad Company, and the defendant, Schneidtmiller." This instruction is assailed on the ground that it failed to furnish the jury any standard by which separate damages should be assessed, but gave the jury free rein to fix the damages without taking into consideration the extent of each defendant's negligence. In reply to this criticism it is sufficient to say that the instruction is correct so far as it goes and has frequently been approved by this court, Broadway Coal Mining Company v. Robinson, 150 Ky. 715, 150 S. W. 1000; Saad v. Brown, 144 Ky. 181, 137 S. W. 834, and if the defendant desired a more specific instruction apportioning the damages on the basis of each defendant's participation in the wrong, such an instruction should have been offered. No such instruction having been requested, the defendant can not complain of the court's failure to give it. Cincinnati, N. O. & T. P. Railway Co. v. Martin, 146 Ky. 260, 142 S. W. 410; McClintic-Marshall Construction Company v. Eckman, 153 Ky. 704, 156 S. W. 382.

The point is also made that a finding of special damages on account of medical and hospital bills, nursing, traveling expenses, etc., was not authorized because there was neither pleading nor proof that such charges were reasonable, nor was the question of their reasonableness submitted to the jury. While the petition did not allege in terms that the charges were reasonable, it did allege that it was necessary for plaintiff to incur such expenses. When plaintiff's mother was on the stand, she testified to facts showing plaintiff's condition and the consequent necessity of incurring medical, nursing, traveling ex-

penses, etc., to effect a cure. She not only produced her cancelled checks and receipted bills showing the payment of each item of expense, but she testified to the length of time her daughter was in the hospital or at the seashore, to the constant nursing she was required to have, to the numerous articles which she was compelled to buy, and to the character and extent of the services rendered by the attending physicians. A recovery of these items was authorized to the extent of the bills actually paid if the jury believed it was necessary for plaintiff to incur them.

It is generally held that the admission of evidence of the amount plaintiff was obliged to pay for physician's services in treating him for alleged injuries is not error, though the reasonableness of the charges was not pleaded. Pinder v. Wickstrom, 156 Pac. 583; I. & G. N. Railway Company v. Boykin, 32 Tex. Civ. App. 72, 74 S. W. 93. While we are committed to the rule that special damages such as those in question must be pleaded, we think the rule is satisfied where the pleading is sufficient to apprise the defendant of the character and extent of the damages claimed. Construed in the light of this rule it can not be doubted that the allegations of the petition in question were sufficient to authorize a finding of special damages. And while there must be some proof of the reasonableness of the charges, we conclude that evidence of the character and extent of the services rendered, of the amount of medical supplies required, and of the circumstances under which the traveling expenses were incurred coupled with the further proof that they were all necessary and that the bills therefor had actually been paid, was sufficient to make out a *prima facie* case that the charges were reasonable. Michael Scullane v. Frederick T. Kellogg & Another, 169 Mass. 544, 48 N. E. 622; Western Gas Construction Co. v. Danner, 97 Fed. 882, 38 C. C. A. 528; Morseman v. Manhattan Rwy. Co., 16 Daly (N. Y.) 249, 10 N. Y. Supp. 105. In discussing the question in the last mentioned case the court said:

"Nor do we think it was error to admit evidence of the amount of the physician's bills which plaintiff had paid, without proof of the value of the services. This is part of the expense to which he has been put by reason of the accident. In Gumb v. Railway Co., 114 N. Y. 411, 21 N. E. Rep. 993, the plaintiff gave evidence of a physician's charge, but without giving evidence of payment

or of value, and it was held error. The present case is different because plaintiff has paid the doctors' bills. If a bill has not been paid, perhaps it would be well to insist on some proof of value to repel the suspicion of a collusive charge of a speculative fee. When the bill has actually been paid there is little ground for such suspicion, and plaintiff would always be open to cross-examination as to a fictitious payment.'' Here the defendant made no issue as to the reasonableness of the charges nor did it offer any evidence tending to show that they were unreasonable. Since plaintiff's proof made out a *prima facie* case and there was no evidence to the contrary, no issue as to the reasonableness of the charges was presented, and the court did not err in authorizing a recovery to the extent of the bills paid if the jury believed that it was necessary for plaintiff to incur such expenses, without submitting to the jury the question whether such charges were reasonable. In disposing of a similar question in the case of Colwell v. Manhattan Rwy. Co., 57 Hun. (N. Y.) 452, 10 N. Y. Supp. 636, the court said:

"Another question remains to be considered in order to prove the actual pecuniary loss which she had incurred by reason of the injury. The plaintiff testified that she employed a nurse, who remained with her for six weeks, and to whom she paid $100.00. No other evidence whatever was introduced as to the value of the services of a nurse. The trial judge, in his charge, instructed the jury that, in assessing the plaintiff's damages, they were to consider the expense which she had incurred for medical services and in the payment of the nurse, and told them that the nurse's bill was proven at $100.00. The counsel for the defendant asked the court to charge that the plaintiff could not recover for the nurse's bill of $100.00, because there was no proof as to what the services were reasonably worth. The court declined to charge as requested, stating as a ground for the refusal that it had been proved that the amount was paid for six weeks' attendance by the nurse, whereupon an exception was duly taken in behalf of the defendant. I do not think the trial judge ered in refusing to give the instruction thus prayed for. No doubt it is the rule that there can be no recovery for services unless there is some evidence as to their value. In Leeds v. Gas-Light Co., 90 N. Y. 26, and Kane v. Railway Co., 3 N. Y. St. Rep. 145, the judgments were reversed because, under

the instructions given, it seemed probable that damages had been awarded to the plaintiffs on account of loss of time, whereas there was no proof as to the amount of their earnings, nor any other evidence by which the value of the time lost could properly be estimated. In the case at bar, however, there is not the same absolute lack of evidence as to the value that there was in those cases In regard to property the rule is well established that the price therefor is some evidence of value. Hoffman v. Conner, 76 N. Y. 121. Similarly, I think, the price actually paid for personal services, such as those of this nurse, may be considered as some evidence of the value of the work performed, and constitutes competent proof sufficient to warrant the jury in considering the item in the assessment of damages.''

Judgment affirmed.

Whole court sitting.