**DICKEY et ux. v. JACKSON.**    (No. 8610.)*

Court of Civil Appeals of Texas. Galveston. Jan. 20, 1927.

Rehearing Denied April 7, 1927.

**1. Evidence ☞271(19)—Statement in letter by plaintiff, suffering injuries from hair dressing, held inadmissible, as self-serving declaration, to show injuries.**

In suit for injuries caused in giving plaintiff's hair a permanent wave, statement in letter written by plaintiff that her hair was falling out *held* inadmissible, as self-serving declaration, to show the condition of her scalp.

**2. Negligence ☞124(1)—Evidence that defendant sent plaintiff hair tonic held admissible as to negligence in treating injury to scalp caused by hair dressing.**

In suit for injuries to scalp, caused in giving plaintiff's hair a permanent wave, witness' testimony that she told defendant that she received a letter from plaintiff which said that her hair was falling out and that she wanted something to help her, and that defendant sent plaintiff a hair tonic, *held* admissible on the issue of plaintiff's negligence in caring for her scalp after its injury.

**3. Trial ☞85—Receiving testimony admissible on the issue of plaintiff's negligence in treating injury held not error, though inadmissible to show injury, as against objection to admissibility in general.**

In suit for injuries to scalp caused in giving plaintiff's hair a permanent wave, receiving testimony that plaintiff's letter stated that her hair was falling out and that defendant sent plaintiff a hair tonic which was admissible on the issue of plaintiff's negligence in treating injury *held* not error, though statement in letter was inadmissible to show condition of plaintiff's scalp, where defendant did not ask that evidence be only admitted on issue of negligence.

**4. Damages ☞216(3)—Issue authorizing recovery for pain or mental anguish caused by hair dressing as well as embarrassment, held not to authorize double damages.**

In suit for injuries to scalp, caused in giving plaintiff's hair a permanent wave, special issue stating that jury might consider, if shown to be natural and probable consequences of injury, any pain and suffering or mental anguish caused by treatment, as well as any embarrassment or humiliation, *held* not to authorize double damages for same injury.

**5. Appeal and error ☞757(1)—Proposition respecting appellee's medical expenses need not be considered, where brief does not show such issues were submitted to jury.**

Where appellant's brief does not show that verdict included medical expenses incurred by appellee or even that such issues were submitted to the jury, appellate court need not consider abstract question presented by proposition that appellee must plead and prove medical expenses to be necessary, reasonable, and proper before recovery can be had therefor.

**6. Damages ☞160—Petition for injuries from hair dressing, alleging plaintiff was and will be compelled to employ medical attention, held to warrant evidence of reasonableness of expense.**

Complaint for injuries to scalp, caused in giving plaintiff's hair a permanent wave, alleging that as a result of the injuries plaintiff was compelled to employ medical attention, and will be compelled to do so in the future, and will become 'liable therefor in specified sum, *held* to warrant evidence of reasonableness of expense.

**7. Damages ☞132(1)—$5,000 for injuries causing woman to lose hair held not excessive.**

Verdict of $5,000 for injuries to woman's scalp resulting in loss of her hair, caused in giving her hair a permanent wave, *held* not excessive.

**8. Judgment ☞252(3)—Where defendant's husband joined in answering suit for injuries, judgment might be rendered against him though no relief was asked against him by plaintiff.**

Where defendant's husband joined her in answering suit for injuries caused in giving plaintiff's hair a permanent wave, he submitted himself to any judgment which might properly be rendered against him as husband of defendant, though no relief was asked against him by plaintiff.

Appeal from District Court, Harris County; W. E. Monteeth, Judge.

On further hearing after remand from the Supreme Court (281 S. W. 1043). Judgment below reformed, and, as reformed, affirmed.

For previous opinion, see 275 S. W. 310.

Hunt & Teagle, of Houston, for appellants.

Fulbright, Crooker & Freeman, of Houston (W. B. Bates, of Houston, of counsel), for appellee.

PLEASANTS, C. J. This is a suit by appellee to recover damages for personal injuries alleged to have been caused by the negligence of the appellant Mrs. Dickey in dressing appellee's hair with what is known and designated a "permanent wave." Harris-Hahlo Company, in whose store building the beauty parlor conducted by Mrs. Dickey

was situated, was also made defendant, and judgment sought against that company.

Mrs. Dickey, joined by her husband, C. H. Dickey, answered by general demurrer and general denial to plaintiff's petition and to the cross-action of defendant Harris-Hahlo Company. They further pleaded assumed risk and contributory negligence on the part of plaintiff. The concluding plea in their answer is as follows:

"These defendants say that the defendant Mrs. Edith Dickey is a competent and capable operator in the process of making a permanent wave in the hair; that the process used upon the plaintiff was the usual and proper method of doing such work, and was done in the usual and in a careful and expert manner; that all instruments and apparatus used in connection with said work at said time were thoroughly and carefully sterilized; that no excessive amount of heat was used; and that, if the plaintiff had a blister on her scalp, and if the plaintiff's scalp became thereafter infected, the same was the result of other causes than the said process of making a permanent wave, and that said process was in no manner connected with or caused such injuries—all of which defendants are ready to verify."

The trial in the court below with a jury resulted in a verdict and judgment in favor of the plaintiff against appellants Mrs. Dickey and her husband for the sum of $5,000, and in favor of Harris-Hahlo Company that plaintiff take nothing against it.

At the last term of this court we reversed the judgment of the trial court on the ground that appellees' pleadings were insufficient to support the judgment against appellants. 275 S. W. 310.

The opinion reversing the judgment did not dispose of other questions presented by appellants. Upon application of appellee, the Supreme Court granted a writ of error from our judgment reversing and remanding the cause, and, upon final hearing on the writ, reversed our judgment, and remanded the cause to this court for disposition of the other questions presented by appellants' brief. (Tex Com. App.) 281 S. W. 1043.

[1] The first proposition presented in appellants' brief predicates error upon a ruling of the trial court permitting Mrs. Glover, a witness for plaintiff, to testify that, upon the receipt of a letter from plaintiff shortly after the injury to plaintiff's scalp, she went to the beauty parlor, and "I told her I had received a letter, and that my cousin said her hair was falling out and that she wanted something to help her with this trouble, and Mrs. Dickey took this tar tonic, a preparation she had, and mailed it to my cousin from her department." Appellant objected to this testimony, on the ground that it was self-serving "and an ex parte statement by plaintiff to other than the defendant."

[2] It goes without saying that the statement in the letter written by plaintiff was not admissible as evidence of the condition of plaintiff's scalp. It was admissible, however, under the issue raised by appellant's answer, that appellant was negligent in failing to properly care for her scalp after its injury, for appellee to prove that she had informed Mrs. Dickey of the condition of her scalp, and had treated it as directed by her.

[3] Mrs. Dickey testified as to the conversation with Mrs. Glover, and voluntarily corroborated the statement made by Mrs. Glover as to the contents of appellee's letter, and stated that, in response to Mrs. Glover's request, she sent appellee a bottle of hair tonic to be applied to her scalp. Appellant did not ask that this evidence be only admitted on the issue of appellee's negligent treatment of her scalp, and, it being admissible on that issue, the court did not err in not excluding it for all purposes. In addition to this, the fact that appellee lost her hair as a result of the treatment received in Mrs. Dickey's beauty parlor is shown by other undisputed testimony, and the evidence objected to could not have influenced the jury on that issue.

[4] Under the sixth proposition presented in their brief, appellants make the following complaint:

"Under this proposition we have raised the question of the error of the trial court in submitting special issue No. 3, which was as follows: 'In answering this special issue, you may take into consideration, if shown by the evidence to be the natural and probable consequences or results of such injury, any pain and suffering, or mental anguish caused thereby, as well as any embarrassment or humiliation, if caused by said injury,' etc.

"These defendants excepted to special issue No. 3 for the reason 'that it submitted a measure of damage and authorized a finding of damages not pleaded and not proven; because it authorized the finding of double damages for the same injury; because it submitted a double measure of damage for mental anguish and authorized a finding for damages likely to be suffered in the future.'"

We cannot agree with appellants' construction of this charge. The mental anguish caused by the pain and suffering resulting from appellee's injury, does include the embarrassment or humiliation felt by appellee as the result of the loss of her hair and the sore and disfigured appearance of her scalp, and the charge does not submit a double measure of damage. All of the elements of damage submitted in the charge were fully pleaded by appellee. Railway Co. v. Hood, 55 Tex. Civ. App. 334, 118 S. W. 1119; Railway Co. v. Geraldon, 54 Tex. Civ. App. 71, 117 S. W. 1004.

[5] Appellants' eleventh proposition is as follows:

"A plaintiff in an action for personal injuries cannot recover for medical bills and medical expenses, in the absence of allegations and proof that such expenses were necessary, reasonable, and proper charges, and in the absence of such

proof no judgment can be rendered for such items."

[6] There is no statement in appellants' brief showing that the verdict of the jury included medical expenses incurred by appellee, or that that element of damage was submitted to the jury. Under well-settled rules of briefing we are not required to consider a proposition which, as presented in the brief, is but an abstract question of law. If, however, the record discloses that appellee's recovery included these expenses, the proposition could not be sustained. The petition alleges:

"And, as a result of the injuries aforesaid and in her attempt to alleviate the damages caused thereby, plaintiff has been compelled to employ skillful medical attention and skin experts, and will be compelled to do so in the future, * * * and will become liable to pay for said medicine and medical treatment the sum of $1,500."

There was no exception to this allegation of the petition, and it is well settled that it was sufficient to admit evidence of the reasonableness of the expense incurred by appellee as the result of her injury. Railway Co. v. Lee, 21 Tex. Civ. App. 174, 51 S. W. 351, 57 S. W. 573; Railway Co. v. Short (Tex. Civ. App.) 58 S. W. 56; Railway Co. v. Jones (Tex. Civ. App.) 231 S. W. 824; Temple Lumber Co. v. Living, 289 S. W. 746, recently decided by this court; Railway Co. v. Frazee, 179 Ky. 488, 200 S. W. 948. There was also sufficient evidence to enable the jury to determine the reasonableness of the medical expenses incurred by appellee.

[7] While the amount of damages awarded by the jury seems to us a liberal compensation for the injuries sustained by appellee, we cannot hold, under all the evidence, that it is so excessive as to authorize this court to disturb the verdict.

The remaining propositions presented in appellants' brief, with the possible exception of the seventh, were all involved in the decision by the Supreme Court reversing our former judgment in this case, and are disposed of in the opinion of the Supreme Court.

[8] The seventh proposition is as follows:

"A plaintiff cannot recover against one of the defendants, where such defendant is not mentioned in the pleadings and there is no prayer for judgment against such defendant."

It is true that appellee did not make C. H. Dickey a party defendant, and there is no pleading by appellee asking judgment against him. But, when he voluntarily came into the suit and joined his wife in answering plaintiff's suit, he submitted himself to any judgment that might be properly rendered against him as the husband of his wife, and pro forma defendant in the suit against her. Having voluntarily assumed this position in the suit, any judgment which the appellee was entitled, under her pleadings, to recover against Mrs. Dickey, could be properly rendered against him in his capacity of pro forma defendant, without any amendment of appellee's pleading.

As held in our former opinion, and in the opinion of the Supreme Court, the judgment against Mr. Dickey should not be a general judgment which would bind his separate estate, but only a judgment against him in his capacity of pro forma defendant, and binding only on the community estate of the defendants.

The judgment of the trial court is reformed as above indicated, and, as so reformed, has been affirmed.

Reformed and affirmed.

### On Motion for Rehearing.

After mature consideration of appellants' very forceful motion for rehearing, we feel constrained to adhere to the conclusions expressed in our opinion affirming the judgment of the trial court. Some of the questions presented by the motion, we think, were involved and decided adversely to appellants' contention by the opinion of the Supreme Court, reversing our original opinion and remanding the case to this court for the disposal of questions not involved in that opinion. We think we have properly disposed of all such questions in our opinion affirming the judgment of the trial court, and the motion must therefore be refused.

In connection with the motion for rehearing, appellants have filed a motion to correct and supplement our findings of fact. The statement in our opinion that appellant C. H. Dickey "voluntarily came into the suit" is not accurate. He was made a party to the suit by a cross-bill filed by the original defendant, Harris-Hahlo Company. This inaccurate statement in the opinion had no material bearing upon the conclusion that the husband's presence and answer in the suit authorized a judgment against him as pro forma defendant upon the cause of action established against Mrs. Dickey.

We cannot agree with appellants that there was no evidence to support a finding by the jury that any of the medical expenses claimed by appellee were reasonable or necessary. No witness testified in hæc verba that these expenses were reasonable or necessary; but the character and extent of appellee's injuries, the services rendered by appellee's physicians, and the amount paid therefor and for medicines, were shown, and from these facts the jury could find both the necessity and reasonableness of these expenses.