## PORT CITY LUMBER CO. v. MARKELL et al. (No. 9191.)

Court of Civil Appeals of Texas. Galveston. July 5, 1928.

Rehearing Denied Sept. 20, 1928.

Fouts, Amerman, Patterson & Moore, of Houston, for appellant.

Levy, Levy, Barker & Kahn and Ansel M. Kahn, all of Houston, for appellees.

LANE, J. This suit was brought by Marielee Markell, a minor, by her father, George Markell, as next friend, and by George Markell, for himself and for his wife, Kate Markell, against the Port City Lumber Company, to recover damages alleged to have been suffered by the plaintiffs as the result of the negligence of the defendant in causing a collision of one of its trucks and the automobile in which Marielee Markell and Kate Markell were riding. The defendant answered by a general demurrer, a general denial, and plea of contributory negligence on the part of the plaintiffs.

The cause was submitted to a jury upon special issues, preceded by proper definitions of the terms "negligence," "ordinary care," and "proximate cause." In answer to the special issues, the jury found substantially that at the time of the collision the defendant's truck was being negligently driven on the left and wrong side of the highway and the intersection of two highways, and that such negligence was the proximate cause of the collision and the resulting injuries to plaintiffs; that Kate Markell, the driver of the plaintiffs' car, was not guilty of negligence contributing to the collision; that, if paid in cash at the time of trial, $250 would fairly and reasonably compensate Kate and George Markell for the mental pain and physical injury suffered by Kate Markell in the past as a result of her injuries, and that, if paid in cash at the time of trial, $100 would fairly and reasonably compensate said parties for such sums as they had expended for reasonable and necessary household services caused by the injuries suffered by Kate Markell in the collision; that, if paid in cash at the time of trial, $400 would fairly and adequately compensate Marielee Markell for the mental pain and physical suffering suffered

by her as a direct and proximate result of the collision in the past, and such as she will reasonably and likely suffer in the future; and that, if paid in cash at the time of trial, $1,-000, would fairly and adequately compensate her for mental anguish caused by disfigurement that she may reasonably and likely undergo in the future, by reason of the collision.

Upon the findings of the jury, judgment was rendered in behalf of Marielee Markell against Port City Lumber Company for $1,400, and in behalf of George and Kate Markell against said company for $350. Port City Lumber Company has appealed.

By its first, second, and third propositions, appellant attacks the sufficiency of the pleadings and proof made by the plaintiffs to support a recovery by Marielee Markell for mental anguish which she would suffer in the future by reason of disfigurement. We think the attack is without merit. We have carefully read the pleadings relative to the injuries of Marielee Markell, which were alleged to have disfigured her arm and collar bone, and the evidence adduced to sustain the same, and in our opinion both were sufficient to sustain a recovery for mental anguish because of her disfigured members.

The special issue No. 27, as submitted by the court, was as follows:

"What sum of money, if paid now in cash, will fairly and adequately compensate the plaintiff, Marielee Markell, for injuries sustained by her on the occasion in question, as a direct and proximate result of said collision, taking into consideration the following elements only:

"(a) Mental pain and physical suffering, if any, suffered by said Marielee Markell in the past, and such as she will reasonably and likely suffer in the future, if any? Answer, stating the amount in dollars and cents.

"(b) Mental anguish, if any, caused by disfigurement, if any, that the said Marielee Markell may reasonably and likely undergo in the future, by reason of said collision, if you find the facts so to be. Answer, stating the amount in dollars and cents."

By its tenth assignment, appellant insists that:

"The court erred in submitting special issue No. 27 to the jury, inquiring, 'What mental anguish, if any, caused by disfigurement, if any, the said Marielee Markell may reasonably and likely undergo in the future by reason of said collision, if you find the facts so to be,' for the reason that no disfigurement had been pleaded, nor had there been any pleading for mental anguish for said disfigurement, and there had been no proof of the same, or of any facts from which the same could be reasonably inferred, and for the reason that mental pain and physical suffering had been submitted in part (a) of said special issue No. 27, and the jury assessed double damages in the case."

And it now insists that the charge above set out authorized the jury to find double damages for the same thing.

We cannot agree with appellant that the charge authorized the finding of double damages. Subdivision (a) authorized a recovery for mental pain and physical suffering suffered by Marielee Markell in the past, and such as she might suffer in the future, while subdivision (b) authorized a recovery for mental anguish or distress suffered by reason of disfigurement only. But, if it be conceded that the charge was subject to the complaint made of it, we would not be authorized to reverse the judgment because of such error, in that appellant made no timely objection to the charge upon the ground that it authorized a recovery of double damages. The objection to the charge now urged was not stated in the objections made and filed in the trial court to the charge, but, so far as shown by the record, such objection was made for the first time in appellant's motion for a new trial filed 15 days after the rendition of the judgment.

By article 2185, Revised Civil Statutes of 1925, it is provided that:

"The charge shall be in writing, signed by the judge, filed with the clerk, and shall be a part of the record of the cause. It shall be prepared after the evidence has been concluded and shall be submitted to the respective parties or their attorneys for inspection, and a reasonable time given them in which to examine and present objections thereto, which objections shall in every instance be presented to the court before the charge is read to the jury, and all objections not so made and presented shall be considered as waived. * * *"

By its failure to comply with the statute quoted, appellant waived the error in the charge, if any, even though it be an error apparent of record. Denman v. Pyle (Tex. Civ. App.) 210 S. W. 335; Hendrick v. Lumber Company (Tex. Civ. App.) 200 S. W. 171; McKenzie v. Imperial Irr. Co. (Tex. Civ. App.) 166 S. W. 495; Loeb v. T. & N. O. Ry. Co. (Tex. Civ. App.) 186 S. W. 378; Railway v. Dickey, 108 Tex. 126, 187 S. W. 184. In Hendrick v. Lumber Company, supra, it is said:

"To give full effect to the terms of the later law [act of 1913, now article 2185], even an error apparent upon the face of the record, when resulting from an improper charge, is waived, and the right of revision on appeal lost, when no objections are presented in the court below."

In Loeb v. Texas & N. O. Railway Company (Tex. Civ. App.) 186 S. W. 378, it is said:

"In his motion for rehearing, plaintiff in error contends that the error complained of, under the several assignments of error, affecting the court's charge, and which we refused to consider, is fundamental in its nature, and apparent upon the record, and should therefore be considered without bills of exception or assignments of error. The statute of 1913, relating to the manner of preserving exceptions to the court's charge for review in this court, is mandatory. Under that act, errors in the charge,

whether fundamental or otherwise (unless they are jurisdictional in their nature or for some other reason render the judgment void), are waived and approved, unless excepted to in the manner prescribed. Needham v. Cooney [Tex. Civ. App.] 173 S. W. 985; McKenzie v. Imperial Irr. Co. [Tex. Civ. App.] 166 S. W. 495."

All the cases cited support the rule above announced.

██ Appellant makes no complaint of the finding of the jury that it was guilty of the negligent act charged to it, which resulted in the injuries suffered by the plaintiffs, or the finding that the driver of plaintiffs' car was not guilty of contributory negligence, or the finding that Kate and George Markell suffered damages, other than the sum paid for servant's hire, as the result of the collision, the sum of $250; but it does contend that there were neither pleadings nor evidence to support a finding that the $100 paid out by George and Kate Markell to a servant to attend to household duties was a reasonable sum paid for the performance of such duties as were performed by Kate Markell prior to her injuries. It contends that it is neither alleged nor proven that Kate Markell performed such duties prior to her injuries, nor that the sum so paid was a reasonable amount for the performance thereof.

It may be here stated that the suit for the $100 item was not one for the loss of the services of the wife, as was the case in the cases of the City of Fort Worth v. Weisler (Tex. Civ. App.) 212 S. W. 281, and Railway Company v. Lacy, 86 Tex. 248, 24 S. W. 269, as contended by appellant, but was one, as made by the pleadings, to recover money which plaintiffs paid to a servant for performing certain household duties. In such case, before a recovery can be had, it is necessary that the petition allege that the sum so paid was reasonable for the services performed, or that the plaintiffs were, by reason of the wrongs of the defendant, compelled to pay said sum, or allege the specific acts of service performed by the servant, so that the jury may determine whether the sum so paid was a reasonable amount paid for the services performed, and proof made of such allegations.

The question then arises: Were such allegations made? We think so. It was alleged that the injuries to Kate Markell rendered her incapable of performing her household duties for a period of approximately six weeks; that by reason of her injuries, and her incapacity to perform her household duties, plaintiffs incurred loss and expense, all in the necessary and reasonable amount of approximately $100. We think a reasonable inference to be drawn from the allegations is that the plaintiffs meant to allege that Mrs. Markell, prior to her injuries, performed her household duties; and that by reason of her injuries it became necessary for plaintiffs to employ some one to perform such duties, and for them to pay such employee $100, same being a necessary and reasonable amount paid for such services. Indeed, we think the language used could hardly be construed as having any other meaning. Mrs. Markell testified with reference to the payment of the $100 as follows:

"As to the other expenses that I incurred as a result of this collision, I was not able to do my household duties and work, and I had to employ help to do it for me. The damages I sustained as a result of having to employ help with my household work amounted to about one hundred ($100.00) dollars."

There was no exception to the allegation mentioned, and it is well settled that it was sufficient to admit evidence of the reasonableness of the expense incurred by the plaintiffs as the result of the injuries to Kate Markell. Railway Co. v. Lee, 21 Tex. Civ. App. 174, 51 S. W. 351, 57 S. W. 573; Railway Co. v. Short (Tex. Civ. App.) 58 S. W. 56; Railway Co. v. Jones (Tex. Civ. App.) 231 S. W. 823; Temple Lumber Company v. Living (Tex. Civ. App.) 289 S. W. 746, Railway Co. v. Frazee, 179 Ky. 488, 200 S. W. 948.

█ We now return to a consideration of appellant's complaints relative to the two sums, aggregating $1,400, awarded to Marielee Markell. We understand the attack made by appellant upon the judgment awarding to Marielee Markell the two sums mentioned to be, not to the $400 item, but only to the $1,000 awarded for mental anguish which she would suffer by reason of disfigurement in the future. The complaint made to that part of the judgment awarding a recovery of the $1,000 is that there was neither pleading nor proof that Marielee Markell will probably suffer mental anguish in the future from disfigurement caused by the negligence of appellant. We overrule the contention of appellant. The plaintiffs alleged:

"That plaintiff, Marielee Markell, was hurled completely out of said automobile into the roadway in such a manner as to render her unconscious; that the right side of her body was bruised, mashed, mutilated, and lacerated with horrible, deep gashes; that her left arm had a horrible and terrible big bruise on same, which caused a knot to appear on the extensor surface of the left forearm, which will probably have to be removed surgically at some later date; that her collar bone was broken and fractured, which resulted in some bulging of the inner fragment, such as to cause a knotty protuberance at the side of the fracture, which, in all probability, will result in a permanent deformity; that the cuts and lacerations aforesaid about her arms and other portions of her body are such as to render same unsightly for an indefinite period of time, and that one or more of said wounds and bruises will probably leave a scar during the remainder of her natural life."

These allegations were substantially sustained by the evidence. Having reached the

452

conclusions above expressed, it becomes our duty to affirm the judgment; and it is accordingly so ordered.

Affirmed.